**Raul ALMARAZ, Plaintiff-Appellee,**

v.

**UNIVERSAL MARINE CORP., Monrovia, Defendant-Appellant.**

**No. 26489.**

United States Court of Appeals, Ninth Circuit.

Oct. 30, 1972.

Rehearing Denied Dec. 21, 1972.

John R. Brooke (argued), Frederick C. Rusina, of Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for defendant-appellant.

Raymond J. Conboy (argued), Garry Kahn, of Pozzi, Wilson & Atchison, Portland, Or., for plaintiff-appellee.

Before CARTER and WALLACE, Circuit Judges, and BYRNE,* District Judge.

PER CURIAM:

Almaraz, a longshoreman, suffered injuries while unloading cargo aboard defendant-appellant's vessel, the M. S. Hong Kong Beauty. He brought a diversity action in district court, alleging unseaworthiness of the vessel; and a jury awarded him $20,400.00 in damages. The court entered judgment accordingly.

Universal Marine raises two issues. First it contends that the trial court erred in submitting to the jury the issue of an alleged herniated disc at the lumbosacral level. Second it argues that the district court failed to instruct the jury properly on contributory negligence. Because we concur with the second contention and must reverse, it is unnecessary to discuss the first.

Almaraz was working with a longshore gang, discharging bundles of plywood sheets from the lower hold of one of the vessel's hatches. His injuries resulted from a fall into a space or hole

---

* Honorable William M. Byrne, Sr., United States District Judge, Los Angeles, California, sitting by designation.

in the working surface of the cargo. He alleged that the vessel was unseaworthy because the cargo was improperly stowed and covered. Without admitting unseaworthiness, the shipowner contended that Almaraz was contributorily negligent for failing to maintain a proper lookout.

At the close of evidence, the trial judge rejected Universal's proposed instruction which embodied its negligence contention. Instead he instructed the jury as follows:

> When we talk about negligence, negligence is the absence of ordinary care on the plaintiff's part, and to be contributorily negligent, this absence of care, if any, must contribute as a cause of the plaintiff's injuries described in his complaint. In other words, contributory negligence means just what it says. It must be a failure on the part of the plaintiff to exercise due care for his own safety and it must contribute to his injury.

There was no other instruction defining negligence or contributory negligence. The defendant objected to this charge, arguing that the instruction failed to provide a standard against which the jury could measure Almaraz's behavior. We agree.

Although the trial judge informed the jury that Almaraz should have exercised ordinary care, he did not state that the standard of conduct required to avoid negligence was that of a reasonably prudent person under similar circumstances.[1] This failure allowed the jury to employ any standard it might choose: a friend, a juror or even Almaraz as the standard.[2] We hold that this omission constituted reversible error.

Reversed and remanded for further proceedings.

---

1. *See* Tiller v. Atlantic Coast Line R.R. 318 U.S. 54, 67, 63 S.Ct. 444, 87 L.Ed. 610 (1943); Baltimore & P.R.R. v. Jones, 95 U.S. 439, 441–442, 24 L.Ed. 506 (1877); W. Prosser, Handbook of the Law of Torts 153–68 (3d ed. 1964); Restatement (Second) of Torts §§ 282–84 (1965).

2. As Prosser states, "[t]he standard of conduct which the community demands must be an external and objective one, rather than the individual judgment, good or bad, of the particular actor . . . ." Prosser, *supra* at 153.