Emmett **WILKS**, Jr., Plaintiff–Appellant,

v.

Julio Gonzales **REYES**, Defendant–Appellee.

No. 92–55197.

United States Court of Appeals, Ninth Circuit.

Submitted * July 14, 1993.

Decided Sept. 20, 1993.

As Amended on Denial of Rehearing Oct. 28, 1993.

---

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

**414**

Stephen Yagman, Marion R. Yagman, Yagman & Yagman, Venice, CA, for plaintiff-appellant.

Keith A. Fink, Cotkin & Collins, Los Angeles, CA, for defendant-appellee.

Before: FLOYD R. GIBSON **, HALL, and KLEINFELD, Circuit Judges.

## ORDER

The opinion filed September 20, 1993, is hereby amended as follows:

With these amendments, Appellant's Petition for Rehearing filed September 27, 1993, is DENIED and Appellee's Motion to Correct the Published Opinion filed October 6, 1993, is DENIED.

## OPINION

CYNTHIA HOLCOMB HALL, Circuit Judge:

Petitioner Emmett Wilks, Jr., appeals the district court's entry of judgment against him following a jury trial in his 42 U.S.C. § 1983 action. The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. This court has jurisdiction under 28 U.S.C. § 1291.

### FACTUAL BACKGROUND

The parties give two very different accounts of the facts of this case. According to Wilks, he was attending a school picnic in Kenneth Hahn Park in Los Angeles, when he encountered Los Angeles County Park Police Officer Julio Gonzales Reyes. Apparently without provocation, Reyes made several racially derogatory remarks to Wilks and threatened him, his family, and his friends. Reyes then grabbed Wilks' shoulder and slammed him against a car, holding him there for approximately one minute.

According to Reyes, he was on patrol in the park when he encountered Wilks and

several other six to ten year-old children. When he drove by the children, Wilks cursed Reyes and made an obscene gesture. Wilks repeated this conduct when Reyes drove by again. Reyes responded by politely asking Wilks to walk to his car. He then placed his hand on Wilks' shoulder and asked him if he used foul language at home. Reyes contends that he never pushed Wilks against the car or threatened him.

On October 26, 1989, Wilks instituted this action under 42 U.S.C. § 1983 alleging that Reyes violated his constitutional rights by using excessive force in detaining him. The case was tried to a jury from December 17–20, 1991. At the end of the trial the jury was specifically instructed that "[i]f you find that a plaintiff is entitled to a verdict in accordance with my instructions but do not find that the plaintiff has sustained actual damages, then you must return a verdict for that plaintiff in some nominal sum, such as one dollar." In addition, the jury was provided with a general verdict form which required it to indicate whether it found for the plaintiff or the defendant. The form also contained two special interrogatories. The first asked the jury to specify the amount of the nominal or compensatory damages that should be awarded if they found for the plaintiff. The second asked the jury to indicate whether the plaintiff was entitled to punitive damages as well.

The jury entered a verdict for Wilks. It did not award any damages, however. Instead, it filled in the number zero next to the line providing for nominal or compensatory damages and the line providing for punitive damages. Wilks' counsel attempted to bring the apparent inconsistency in the jury's actions to the district judge's attention, but the district judge dismissed the jury before counsel's concerns could be addressed.

On January 15, 1992, Wilks filed a motion to correct the jury's verdict. He contended that because the jury found in his favor, it erred by failing to award him damages. On February 4, 1993, the district court denied this motion and entered judgment in favor of Reyes. The district court concluded that because the jury found that Wilks was not

---

** Hon. Floyd R. Gibson, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

entitled to damages, Wilks did not suffer a constitutional injury. As a result, he was not entitled to relief under 42 U.S.C. § 1983.

## STANDARD OF REVIEW

■ Reyes claims that this court's inquiry is limited to whether there was any evidence to support a verdict in his favor. We disagree. The central issue on appeal is whether the district court correctly applied Rule 49(b). We review de novo the trial court's determination that the jury returned a general verdict inconsistent with its answers to special interrogatories. *See Boone v. United States,* 944 F.2d 1489, 1492 (9th Cir.1991) (review de novo mixed question of law and fact). The district court's actions subsequent to such a decision are reviewed for abuse of discretion. *See Los Angeles Nut House v. Holiday Hardware Corp.,* 825 F.2d 1351, 1356 (9th Cir.1987) (within trial court's discretion to enter judgment consistent with answer to special interrogatory, reconvene jury to resolve conflict or order new trial).

## DISCUSSION

### I.  Rule 49(b)

■ Rule 49(b) provides a district court with three options after determining that a jury's general verdict is inconsistent with its answers to special interrogatories. The district court may either enter judgment in accordance with the jury's answers notwithstanding the general verdict, it may consult with the jury in order to resolve the conflict between the answers and the verdict, or it may order a new trial.

■ The district court's power to invoke Rule 49(b) is not without limits. It is well established that when there is tension between a general verdict and written interrogatories the district court must attempt to sustain the judgment by harmonizing the answers and the verdict. A court may exercise its authority under Rule 49(b) and enter judgment in accordance with the answers only if it is not reasonably possible to resolve the apparent inconsistency between the answers and the verdict. *Los Angeles Nut House v. Holiday Hardware Corp.,* 825 F.2d 1351, 1353–54 (9th Cir.1987).

■ In the instant case, the district court determined that the jury's general verdict and its answers to the two special interrogatories were inconsistent. It then exercised its discretion and chose to enter judgment in accordance with the answers to the special interrogatories and in favor of Reyes. In so doing, we find that the district court erred.

We are convinced that it is possible to resolve the apparent inconsistency between the general verdict and the answers to the special interrogatories in the instant case. The verdict form required the jury to first determine the question of liability. By entering a general verdict in favor of Wilks, the jury must have concluded that Reyes' actions violated Wilks' constitutional rights. The jury then considered the special interrogatories. By concluding that Wilks was not entitled to damages, the jury was presumably indicating that it did not believe Wilks suffered injury as a result of the incident. Under this interpretation of the jury's actions, the general verdict can be upheld.

Reyes counters by adopting the district court's reasoning. He emphasizes that the jury was specifically instructed to return a verdict for Wilks in "some nominal sum" if it found that Reyes violated Wilks' civil rights. By not awarding damages, Reyes argues that the jury did not think Wilks suffered a constitutional injury. Because constitutional injury is a prerequisite for a § 1983 violation, Reyes contends that he is entitled to have judgment entered in his favor.

While this interpretation of the jury's verdict and its answers to the special interrogatories is not unreasonable, we do not find it persuasive. It requires reasoning backward from the jury's failure to award damages. This is artificial in the sense that the jury was instructed to enter a verdict for one of the parties before it reached the question of damages. The jury presumably followed the instructions, and arrived at its general verdict in favor of Wilks only after concluding that Reyes intentionally violated Wilks' constitutional rights.

Jury Instruction 41 told the jury that if it found for the plaintiff, "you *will* award him a sum which will compensate reasonably for any pain." In the verdict form, in the blank next to "nominal or compensatory damages,"

the jury filled in "zero." These can be reconciled on the basis that the jury concluded that Wilks had suffered constitutional injury, in the sense that his constitutional rights were violated, but did not suffer "pain."

The jury was also instructed that if it found no actual damages, "then you must return a verdict for that plaintiff in some nominal sum, such as one dollar." This instruction did not preclude the jury from concluding that "zero" was a nominal sum, and that no greater amount was permissible without proof of "pain." While "nominal" for the purpose of damages awards means "insignificantly small or trifling," in a lay sense it also means "in name only." *American Heritage Dictionary* 845 (2d ed. 1985). Zero damages would be damages in name only, and would reconcile the jury's answer to the special interrogatory with the general verdict. Thus, because the general verdict and the answers to the special interrogatories can be reconciled, we hold that the district court erred by entering judgment in favor of Reyes pursuant to Rule 49(b), rather than awarding a judgment for Wilks in the amount of one dollar in damages.

## II. Qualified Immunity

■ Reyes asks this court to affirm the district court's entry of judgment in his favor on the ground that he is entitled to qualified immunity. Reyes contends that he acted reasonably in stopping Wilks because he was concerned that Wilks had violated two Los Angeles County Municipal Ordinances. According to Reyes, this excuses any Fourth Amendment violation resulting from excessive use of force. The jury rejected Reyes' defense of qualified immunity, and there was evidence to support their verdict.

## III. Significant Injury

■ Reyes contends that he is entitled to judgment because Wilks did not suffer a significant injury. He relies on *Johnson v. Morel,* 876 F.2d 477, 480 (5th Cir.1989) (en banc), where the Fifth Circuit held that

plaintiffs must show "significant injury" to establish an excessive force claim under the Fourth Amendment.[1]

The law of this circuit entitles a plaintiff to an award of nominal damages if the defendant violated the plaintiff's constitutional right, without a privilege or immunity, even if the plaintiff suffered no actual damage. *Floyd v. Laws,* 929 F.2d 1390, 1401 n. 9, 1402 (9th Cir.1991). Since Wilks did not have to show actual damages, he is not required to show a significant injury. We are not free to disregard *Floyd.*

## IV. Rule 38 Sanctions

■ Reyes asks this court to impose sanctions against Wilks' counsel pursuant to Fed. R.App.P. 38. Under Rule 38, we have discretion to award attorney's fees and single or double costs for filing a frivolous appeal. "An appeal is considered frivolous if the result is obvious or the appellant's arguments are wholly without merit." *Adriana International Corp. v. Thoeren,* 913 F.2d 1406, 1417 (9th Cir.1990), *cert. denied* 498 U.S. 1109, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991).

This appeal is not frivolous. The district court misapplied Rule 49(b) and erred by entering judgment in favor of Reyes. Wilks alludes to this argument sufficiently in both his opening and reply briefs to avoid the imposition of sanctions.

## V. Rule 28(a)(5)

■ Reyes also asks this court to dismiss Wilks' appeal pursuant to Fed.R.App.P. 28(a)(5). Rule 28(a)(5) specifies the requirements for the argument section of an appellant's brief. It provides, "[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied

---

1. Subsequent to *Johnson,* the Supreme Court held that for excessive force claims brought under the cruel and unusual punishment clause of the Eighth Amendment, there is no "significant injury" requirement. *Hudson v. McMillian,* —— U.S. ——, ——, 112 S.Ct. 995, 999–1000, 117 L.Ed.2d 156 (1992). Whether the Fifth Circuit's significant injury requirement remains in effect for Fourth Amendment claims is unresolved.

*Bender v. Brumley,* 994 F.2d 1151, 1159 n. 7 (5th Cir.1993) ("it remains an open question in this Circuit whether *Johnson*'s significant injury requirement survives in situations involving arresting, as opposed to custodial, officers."); *cf. Titran v. Ackman,* 893 F.2d 145, 147 n. \*\* (7th Cir.1990) (holding there is no significant injury requirement for Fourth Amendment excessive force claims).

on." We have held that if an appellant fails to comply with Rule 28(a)(4) with respect to any issue raised, that issue will be deemed waived. *United States v. Loya,* 807 F.2d 1483, 1487 (9th Cir.1987).

Appellant's brief informed us that the jury had returned a general verdict in favor of Wilks, but no damages, and that the court had entered judgment for Reyes on the basis of the special verdict awarding no damages. It summarized the facts and gave verbatim quotations of critical testimony supporting the general verdict. The brief gave us the procedural history, and explained that under *Floyd,* the court had to award nominal damages. The briefs adequately informed us of the appellant's single contention, his reasons, and the controlling authority, so Rule 28 was satisfied.

## CONCLUSION

We instruct the district court to enter judgment for Wilks and to award one dollar in nominal damages. Moreover, we deny Reyes' request for Rule 38 sanctions and for dismissal pursuant to Rule 28(a)(5).

We recognize that by reinstating the jury's verdict we make it possible for plaintiff's counsel to recover attorney's fees pursuant to 42 U.S.C. § 1988. This was undoubtedly one of the primary reasons for this appeal. While we choose not to decide whether an award of attorney's fees is warranted in this case, we refer the parties to the Supreme Court's recent decision in *Farrar v. Hobby,* — U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). In *Farrar,* the Supreme Court made recovery considerably more difficult in situations such as the instant case. While the Court noted that a plaintiff who recovers damages in any amount is a prevailing party for purposes of § 1988, it specifically held that in cases seeking monetary damages a court should consider the extent of plaintiff's recovery in fixing a reasonable attorney fee award.

REVERSED and REMANDED.