15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re EVE MARIE, INC., Debtor.
SUMITOMO BANK OF CALIFORNIA, Plaintiff-Appellant,
v.
TOKAI CREDIT CORPORATION, Defendant-Appellee.
 No. 92-55972.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1993.
Decided Dec. 21, 1993.
 
 Before: TANG, D.W. NELSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sumitomo Bank of California ("SUMITOMO") appeals from the district court's denial of its second motion for reconsideration and imposition of a $300 sanction against SUMITOMO. The underlying dispute in this Chapter 11 case involves the district court's affirmance of the bankruptcy court's approval of a settlement agreement ("Agreement") between a secured creditor, Tokai Credit Corporation ("TOKAI") and DEBTORS' counsel. The Agreement provides, inter alia, for the payment of DEBTORS' attorney fees as a direct surcharge against TOKAI's collateral rather than as a general administrative expense of the bankruptcy estate. For the reasons which follow, we affirm.[1]
 
 
 3
 * SUMITOMO first argues that the district court erred by upholding the bankruptcy court's decision approving the Agreement because Paragraph 22.7.2 thereof unfairly allows DEBTORS' counsel to recover its fees as a direct surcharge against TOKAI's collateral rather than as a general administrative claim of the bankruptcy estate. This contention fails.
 
 
 4
 While section 503(b)(1)(A) of the Bankruptcy Code provides that attorney fees can be treated as first priority unsecured claims to be paid as administrative expenses charged to the bankruptcy estate, the Code also states that a trustee "may recover [directly] from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." 11 U.S.C. Sec. 506(c). "Legislative history extends standing to assert a claim under Sec. 506(c) to debtors[-]in[-]possession as well as trustees." North County Jeep & Renault, Inc. v. General Elec. Capital Corp. (In re Palomar Truck Corp.), 951 F.2d 229, 231 (9th Cir.1991), cert. denied, 113 S.Ct. 71 (1992). Thus, a debtor-in-possession may properly surcharge a secured party's collateral to recover reasonable and necessary expenses incurred by the estate in connection with preserving or disposing of the property, to the extent that such expenditures are deemed to have benefited the secured creditor.
 
 
 5
 Here, a debtor-in-possession continued to operate under Chapter 11 with financing, secured by inventory, that was obtained from a creditor who derived a direct benefit from the post-petition efforts of opposing counsel to settle contentious litigation between the creditor and the debtor-in-possession. Indeed, TOKAI freely concedes that the efforts of DEBTORS' counsel had been instrumental and necessary for the preservation of the estate and had directly benefited TOKAI's collateral. TOKAI's willingness to have its own collateral directly charged for the cost of DEBTORS' attorney fees, rather than passing those costs on to all other creditors as general administrative expenses of the estate, strongly supports the bankruptcy and district courts' findings that those fees were properly surcharged to TOKAI's collateral under section 506(c).[2]
 
 
 6
 Because this is the kind of case in which section 506(c) could apply, see e.g. Federal Deposit Ins. Corp. v. Jenson (In re Jenson), 980 F.2d 1254, 1260 (9th Cir.1992), we find no error in the district court's decision affirming the bankruptcy court's order approving the Agreement.
 
 II
 
 7
 SUMITOMO next argues that the district court abused its discretion by imposing a $300 sanction under 28 U.S.C. Sec. 1927 for SUMITOMO's having filed the second motion to reconsider. We disagree. SUMITOMO's second motion to reconsider asserted no new facts or legal theories, but instead simply cited to a case that had been handed down two weeks prior to the filing of SUMITOMO's first motion to reconsider. The district court correctly found that no justification existed for the second filing, and that it constituted an unreasonable and vexatious multiplication of the proceedings. See 28 U.S.C. Sec. 1927. We find no abuse of discretion in the district court's decision to impose a $300 sanction against SUMITOMO. See Arthur Children's Trust v. Keim, 994 F.2d 1390, 1398-99 (9th Cir.1993).
 
 III
 
 8
 Finally, TOKAI asks us to impose sanctions against SUMITOMO for bringing a frivolous appeal. Although SUMITOMO's legal arguments are meritless, we do not view them as frivolous. See Wilks v. Reyes, 5 F.3d 412, 416 (9th Cir.1993) ("An appeal is considered frivolous if the result is obvious or the appellant's arguments are wholly without merit.") (quoting Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1417 (9th Cir.1990), cert. denied sub nom. Lewis & Co. v. Thoeren, 498 U.S. 1109 (1991)).
 
 CONCLUSION
 
 9
 The district court's decision upholding the bankruptcy court's approval of the Agreement, and its order imposing sanctions against SUMITOMO for filing the second motion to reconsider, are both AFFIRMED. TOKAI's request for sanctions upon appeal is DENIED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Some preliminary issues must first be disposed of. DEBTORS argue that SUMITOMO's appeal is moot because (1) the attorney fees in question have already been paid and this court cannot undo that fact, and (2) the underlying bankruptcy proceedings have been dismissed and no bankruptcy estates exist that could accept the returned attorney fees, anyway
 The first contention is meritless. We clearly have the power to order a party to disgorge money improperly had and received, even in a bankruptcy case. See e.g. 11 U.S.C. Secs. 105(a), 328(a), 329; Fed.R.Bankr.P. 2017. As for the second argument, we find the complexities involved in resolving the mootness issue to be such as to warrant the invocation of hypothetical jurisdiction to reach the merits of SUMITOMO's contentions. See Clow v. United States Dep't of Hous. & Urban Dev., 948 F.2d 614, 616 n. 2 (9th Cir.1991) (per curiam).
 Citing Fed.R.App.P. 31(c), SUMITOMO argues that, because DEBTORS failed to file a timely brief with the district court and that court denied them leave to make an oral argument, this court should also preclude DEBTORS from being heard on appeal. This contention is also without merit. Rule 31(c) provides only that, "If an appellee fails to file a brief, the appellee will not be heard at oral argument except by permission of the court." Neither party failed to file a timely brief here, and we decline SUMITOMO's invitation to bar a party from arguing its case merely because that party elected or failed to file a timely brief at some earlier stage in proceedings before another court.
 
 
 [2]
 See 3 William Collier, Collier on Bankruptcy p 506.06 at 506-61 (15th ed. 1993) ("If ... the holder of [a] secured claim has consented to the related preservation or disposition of the ... debtor-in-possession ... the court may treat such consent as an advance acknowledgment that certain of the costs and expenses incurred would benefit such holder. Thus, when such consent has been given, the courts will allow a greater latitude with respect to allowance of costs and expenses.")