66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert W. SMITH, Plaintiff-Appellant,
v.
TOW BOAT SERVICE & MANAGEMENT, INC., et al., Defendants-Appellees.
 No. 93-16046.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1995.*
Decided Aug. 30, 1995.
 
 Before: PREGERSON, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert M. Smith ("Smith") filed this Jones Act action, pursuant to 28 U.S.C. Sec. 1333, against his employer, Tow Boat Service & Management, Inc. ("Tow Boat"), for damages arising out of a work-related injury. Smith broke his ankle when he jumped from the deck of the barge on which he was working to the dock at Pier 38 in Honolulu harbor.
 
 
 3
 By special verdict, the jury found that the vessels involved were not unseaworthy and that Tow Boat was not negligent. Pursuant to a verdict form approved by Smith, it went on to find Smith 90% contributorily negligent and calculate his damages as $59,000. [SER CR 73.] The district court entered a judgment against Smith and in favor of Tow Boat. [SER CR 76.] Smith moved for a new trial, claiming the verdict was irreconcilably inconsistent, that the district court's jury instructions were erroneous, and that the verdict was contrary to the manifest weight of the evidence. [SER CR 75.] The district court denied the motion [SER CR 81], and Smith filed a timely notice of appeal. [SER CR 82.] We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 STANDARD OF REVIEW
 
 4
 Jury instructions are to be considered as a whole and an abuse of discretion standard is applied to determine if they are misleading or inadequate. Oglesy v. Southern Pacific Transp. Co., 6 F.3d 603, 606 (9th Cir.1993).
 
 
 5
 Whether a jury's verdict is irreconcilably inconsistent with its answers to special interrogatories is a mixed question of law and fact subject to de novo review. Wilks v. Reyes, 5 F.3d 412, 415 (9th Cir.1993); Pierce v. Southern Pacific Transp. Co., 823 F.2d 1366, 1369 (9th Cir.1987).
 
 
 6
 The district court's denial of a motion for a new trial is reviewed for an abuse of discretion. Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 278 (1989); Larson v. Neimi, 9 F.3d 1397, 1398 (9th Cir.1993).
 
 DISCUSSION
 I. Jury Instructions
 A. Waiver
 
 7
 Tow Boat argues that Smith waived his right to appeal the district court's jury instructions, except for the instruction regarding contributory negligence (Instruction No. 19), by failing to properly preserve his objections. See Fed.R.Civ.P. 51 ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires ..."). This Court strictly applies the requirements of Rule 51, and has allowed only one exception: a formal objection is not required when the court is aware of the party's position and further objections would be futile. Hammer v. Gross, 932 F.2d 842, 847 (9th Cir.), cert. denied, 502 U.S. 980 (1991).
 
 
 8
 Specifically, Tow Boat claims Smith did not preserve his objections to the instructions on Jones Act negligence (Instruction No. 13), custom in the industry (Instruction No. 14) and duty of care to an inexperienced seaman (Proposed Instruction No. 7).
 
 1. Instruction No. 13
 
 9
 Although Smith agreed to the instruction on Jones Act negligence (Instruction No. 13), [SER 3-17-93 at 171-72] he now contends that Havens v. F/T Polar Mist, 996 F.2d 215 (9th Cir.1993), which was decided after the conclusion of trial in this case, demonstrates the instruction was erroneous. Since the instruction was proper under the state of the law at the time, Smith argues, it would have been futile to further pursue his objections. According to Smith, this Court should apply Havens because it represents a "new rule" that was unavailable at the time of trial. See Robinson v. Heilman, 563 F.2d 1304, 1307 (9th Cir.1977) (holding that "federal courts must take into account new and supervening rules of decision as long as the action is sub judice ").
 
 
 10
 However, Havens does not represent a "new rule" in this Circuit. First, in Ward v. American Hawaii Cruises, Inc., 719 F.Supp. 915 (D.Haw.1988), a case decided several years before this one, enunciated exact same rule that Smith now calls "new."[1] Compare id. at 923 with Havens, 996 F.2d at 218. Second, the Supreme Court held long ago that the proof necessary to sustain liability under the Jones Act is the same as under the FELA, and differs from the common law rule. Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 523 (1957) (" 'Under [FELA] the test of a jury case is whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.' ") (quoting Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 506 (1957)). Thus, that there is a different standard in Jones Act cases is hardly a "new" concept.
 
 
 11
 Therefore, because Havens does not constitute a new or supervening rule, Smith's agreement to the instruction acts as a waiver of his right to appeal Instruction No. 13.
 
 
 12
 2. Instruction No. 14 and Proposed Instruction No. 7
 
 
 13
 At a pretrial conference Smith's counsel objected to the use of the "customs of the industry" instruction (Instruction No. 14), and renewed his request for an instruction regarding the duty of care to an inexperienced seaman (Proposed Instruction No. 7). [SSER 3-17-93 at 184-90.]
 
 
 14
 Later, after providing the parties with copies of the finalized jury instructions, the district court asked if they had "come up with Ninth Circuit law that you wish to present to persuade me to change anything?" [SSER 3-18-93 at 36.] Since Smith's position was that the court should use the Fifth Circuit's instructions, rather than the Ninth Circuit's, it was evident that no additional objection would be availing.
 
 
 15
 Although we generally require a clear objection to each contested instruction before the jury retires, "an objection may be a 'pointless formality' when (1) throughout the trial the party argued the disputed matter with the court, (2) it is clear from the record that the court knew the grounds for disagreement with the instruction, and (3) the party offered an alternative instruction." United States v. Payne, 944 F.2d 1458, 1464 (9th Cir.1991), cert. denied, 503 U.S. 975 (1992). We find that Smith's objections concerning Instruction No. 14 and Proposed Instruction No. 7 fall within this exception to Rule 51. See Hammer, 932 F.2d at 847. We will consider the merits of Smith's arguments regarding these instructions.
 
 
 16
 B. Merits of Smith's Jury Instruction Claims
 
 1. Instruction No. 14
 
 17
 This instruction informed the jury that they could consider the "custom in the industry or safety rules" when determining what is "reasonable in a given situation." Further, the jury was instructed that even if industry custom or rules were not followed, "you must still find that the defendant failed to exercise reasonable care in the circumstances."
 
 
 18
 Smith points to Havens, 996 F.2d at 218 to support his claim that the standard of care in Jones Act cases is something less than "reasonable care." This contention lacks merit. Havens addressed the "quantum of evidence necessary to support a finding of liability," but did not discuss, much less change, the definition of negligence or the necessary standard of care.[2] Id. The district court did not abuse its discretion by giving Instruction No. 14.
 
 2. Instruction No. 19
 
 19
 The district court instructed the jury that to establish contributory negligence, Tow Boat only had to show that Smith's negligence contributed in "some way" to his injury. Smith argues that this instruction improperly placed him on "equal footing" with Tow Boat regarding negligence and causation. Instead, Smith insists that, as a Jones Act employee, he only had a slight duty to protect himself, and that breach of this duty must be a proximate cause of the injury.
 
 
 20
 In support of his argument Smith cites several Fifth Circuit cases, and attempts to apply the "slight negligence" rule that he infers from Havens to the standard for contributory negligence. Additionally, Smith contends that the district court's reliance on the Ninth Circuit model jury instruction, from which Instruction No. 19 was drawn, and its citation to Almaraz v. Universal Marine Corp., 472 F.2d 123 (9th Cir.1972), were misplaced because Almaraz and the model instruction set forth the standard for longshoremen, not seamen.
 
 
 21
 Even if Smith is correct, and Almaraz and the model instructions did misstate the standard for a seaman, it was not an abuse of the district court's discretion to rely on them. Smith did not cite any Ninth Circuit authority holding a plaintiff to a different standard of care, and the court took instruction No. 19 directly from the Ninth Circuit Manual of Model Jury Instructions Sec. 14.02G (1985). Further, even if Havens supported Smith's argument that the "slightest negligence" could result in Jones Act liability, it would not necessarily follow that Havens also changed the standard for contributory negligence. The district court's contributory negligence instruction was not an abuse of discretion.
 
 3. Proposed Instruction No. 7
 
 22
 Smith next argues that the district court abused its discretion by not instructing the jury that Tow Boat owed Smith a heightened duty of care because he was an "inexperienced seaman." He contends that his years of naval, commercial, and recreational sailing offered no experience "remotely similar" to disembarking a barge by way of a platform. Drawing strength from the words of Justice Cardozo in Cortes v. Baltimore Insular Line, 287 U.S. 367, 377 (1932),[3] Smith attempts to impose a special duty of care on Tow Boat because it was the "stronger party." Id. However, neither Cortes nor California Home Brands, Inc. v. Ferreira, 871 F.2d 830, 836 (9th Cir.1989), expressly created a heightened duty of care in the Ninth Circuit for employers of inexperienced seamen. The district court did not abuse its discretion by refusing to fashion one out of whole cloth.
 
 
 23
 More significantly, such an instruction would not have been supported by the evidence presented at trial. The evidence showed that Smith was a seasoned deck hand, with life-long experience on boats. Moreover, even if he was unaware how to get ashore from a barge, Smith was specifically instructed, only minutes before the accident, on how to utilize the platform and ladder to disembark. [SER RT 3-16-93 at 89-90; RT 3-17-93 at 46.] Therefore, the district court's conclusion that the evidence did not warrant an inexperienced seaman instruction was not an abuse of discretion.
 
 
 24
 II. Waiver Regarding Inconsistent Jury Verdict
 
 
 25
 Tow Boat argues that because Smith's trial attorney agreed to accept the jury's verdict if the court polled them on the issue of Tow Boat's negligence, Smith should now be precluded from arguing the verdict is inconsistent. After the verdict was received, the following exchange took place at sidebar:
 
 
 26
 MR. MOSS: I think it is inconsistent that they award him damages and assess contributory negligence and, you know, they presuppose a finding in favor, that they didn't understand what they were doing....
 
 
 27
 THE COURT: What is your proposal if you don't want to upset the verdict?
 
 
 28
 MR. MOSS: To let them know that--to ask them if--to inquire as to where they got the 10 percent. Your finding of contributory negligence is inconsistent with 90 percent and is inconsistent with the finding of no negligence on the part of the plaintiff [defendant?].
 
 
 29
 THE COURT: It is not inconsistent with it.
 
 
 30
 MR. MOSS: No, it is not inconsistent with that. I will agree with that. Those I would think were inconsistent with unseaworthiness.
 
 
 31
 THE COURT: What if we polled them on the liability question first? And if they are in favor, there was no negligence on the part of the defendant?
 
 
 32
 MR. MOSS: Then they all just answer do you agree that the answer is no to that. Yeah, let's do that. I will accept that. I will give up beating this horse.
 
 
 33
 THE COURT: All right.
 
 
 34
 [SSER RT 3-19-93 at 25-28.]
 
 
 35
 Smith claims that his counsel's agreement to the court's polling proposal should not operate as a waiver because it was clear that the district court believed the verdict was not inconsistent and would not send the jury back to reconcile it. Since counsel's argument had twice been rejected, Smith argues, he had no choice but to agree to polling the jury "in the last ditch hope that some of them would reply there was negligence on the part of the defendant."
 
 
 36
 We hold that Smith waived his inconsistent verdict argument. While it is true that Smith's counsel twice voiced his objections to the inconsistent verdict, he apparently abandoned his argument when presented with the polling option. He did not assert that polling the jury would not resolve his concerns, and failed to complain of the inconsistency after the polling was complete. The district court relied on his acquiescence; "otherwise the Court could have taken further steps such as instructing the jurors to deliberate further." [SER CR 81 at 3.]
 
 
 37
 III. The Jury's Verdict Was Not Contrary to the Manifest Weight of the Evidence
 
 
 38
 Finally, Smith argues that the jury's verdict went against the manifest weight of the evidence, warranting a new trial. He focuses on Mark Leslie's "order" that Smith "jump." Although Leslie admitted it would have been better to say "step," he also testified that he meant for Smith to jump to the platform, not the dock. Additionally, there was evidence that Smith was instructed (albeit briefly) on the use of the platform. Given this and other evidence presented at trial, the jury could reasonably conclude that Tow Boat was not negligent. The district court did not abuse its discretion by denying Smith's motion for a new trial on this issue.
 
 
 39
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.R. 34(a) and Ninth Circuit Rule 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Smith's counsel either overlooked or ignored Ward when the district court asked him to produce authority from this Circuit supporting his position
 
 
 [2]
 To recover on his Jones Act claim, [a plaintiff is] required to establish by a preponderance of the evidence: (1) negligence on the part of his employer (or one for whom the employer is responsible), and (2) that the negligence was a cause, however slight, of his injuries
 There must be some evidence from which the trier of fact can infer that the owner either knew, or in the exercise of due care, should have known of the unsafe condition....
 The evidence, however, need not be substantial. The quantum of evidence necessary to support a finding of Jones Act negligence is less than that required for common law negligence, ... and even the slightest negligence is sufficient to sustain a finding of liability.
 996 F.2d at 218 (citations omitted).
 
 
 [3]
 Justice Cardozo wrote:
 The conditions at sea differ widely from those on land, and the diversity of conditions breeds a diversity of duties.... 'The master's authority is quite despotic and sometimes roughly exercised, and the conveniences of a ship out upon the ocean are necessarily narrow and limited.' Out of this relation of dependence and submission there emerges for the stronger party a corresponding standard or obligation of fostering protection.
 Cortes, 287 U.S. at 377 (citations omitted) (quoted in California Home Brands, Inc. v. Ferreira, 871 F.2d 830, 836 (9th Cir.1989)).