**EMBROIDERY INDUSTRIES, INC., a California Corporation, Plaintiff—Appellee,**

v.

**BRASKING, INC., a Washington Corporation; Robinsons–May, Inc., a California Corporation, Defendants—Appellants.**

No. 02–55610.

D.C. No. CV–00–05313–DDP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2003.

Decided March 6, 2003.

Before B. FLETCHER, ALARCÓN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Appellants Brasking, Inc. ("Brasking") and The May Department Stores Company, dba Robinsons–May, Inc. ("Robinsons–May"), appeal from the district court's judgment in favor of Embroidery Industries, Inc. ("Embroidery") following a jury trial on Embroidery's claim that Brasking and Robinsons–May infringed Embroidery's registered copyrights in violation of the Federal Copyright Act, 17 U.S.C. §§ 101–1332 (2000) ("Act").

Brasking and Robinsons–May contend that (1) the evidence shows that Brasking had an undisputed implied license to use Embroidery's copyrighted designs, (2) the undisputed facts establish as a matter of law that Embroidery is not entitled to

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

damages and attorney's fees pursuant to § 412 of the Act, (3) the district court erred in amending the verdict because the jury returned inconsistent and irreconcilable special verdicts finding Brasking liable and Robinsons–May not liable, and (4) Brasking was a joint author of Design Number 6.

We affirm. We conclude that substantial evidence supported the jury's finding that Embroidery is entitled to damages and attorney's fees because Brasking did not have an implied license to copy Embroidery's designs, and Brasking was not a joint author of Design Number 6. We also hold that the district court did not abuse its discretion in amending the jury's verdict to conform to the jury's consistent and reconcilable *factual* findings. Because the parties are familiar with the record, we do not summarize the facts except as necessary to explain our resolution of the issues raised in this appeal.

## I

Brasking and Robinsons–May assert that the district court abused its discretion in denying its motion for a new trial. They argue that Embroidery failed to present substantial evidence to support the jury's finding that Brasking did not have an implied license to reproduce, distribute, and sell garments containing Embroidery's designs. This court reviews a district court's ruling on a motion for a new trial for abuse of discretion. *Janes v. Wal–Mart Stores, Inc.*, 279 F.3d 883, 886 (9th Cir.2002) (citation omitted). "A jury's verdict must be upheld if it is supported by substantial evidence." *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir.2001) (citation omitted). ▮ Contrary to Brasking and Robinsons–May's representation of the record, the factual question whether Embroidery provided them with an implied license was disputed at trial. Embroidery presented substantial evidence that supports an inference that it did not intend to grant Brasking a license to reproduce, distribute, and sell garments containing its designs unless Brasking hired Embroidery to produce garments containing the copyrighted designs.

The evidence showed that Brasking paid a nominal sum to Embroidery to create designs to be used for the limited purpose of displaying them on sample garments to buyers such as retailer Robinsons–May. Embroidery also produced evidence that the custom and practice in the embroidery industry is that when a garment manufacturer requests that a designer create designs in exchange for a nominal price, the designer receives the order for the production work on those designs. A salesperson for Embroidery testified that she told Brasking that Embroidery would create the designs and samples if it received the production work resulting from sales to retailers. The district court did not abuse its discretion in concluding that substantial evidence supported the jury's finding that Brasking did not have an implied license to reproduce, distribute, and sell Embroidery's copyrighted designs.

## II

Brasking and Robinsons–May also contend that the district court erred in denying its motion for judgment as a matter of law because Embroidery did not meet the statutory prerequisites for the recovery of statutory damages and attorney's fees. This court reviews a district court's grant or denial of a motion for judgment as a matter of law *de novo*. *Johnson*, 251 F.3d at 1226. "Judgment as a matter of law is appropriate when the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable

conclusion, which is contrary to the jury's verdict." *Gilbrook v. City of Westminster,* 177 F.3d 839, 864 (9th Cir.1999) (citation omitted).

In order to recover statutory damages or attorney's fees, the Act requires that (1) the infringement occur before the first "publication" of the work and after the effective date of registration, unless (2) the registration occurs within three months of the first publication. 17 U.S.C. § 412. The Act defines publication, in relevant part, as "the distribution of copies ... of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 101. The definition also provides that "[t]he offering to distribute copies ... to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication." *Id.* Brasking argues that the delivery of the designs by Embroidery to Brasking constituted publication, and therefore, the requirements of § 412 were not met. Alternatively, Brasking argues that it constitutes a "group of persons" under § 101, and therefore the offer to distribute copies constituted publication and the requirements of § 412 were not met.

■ We disagree. Disclosure of a work to a person for the limited purpose of possible use on garments that may be subsequently reproduced and distributed depending on marketability, as shown by this record, is not a distribution of a copy to the public. Accordingly, the district court did not err as a matter of law in concluding that Embroidery met the requirements of § 412 and is entitled to damages and attorney's fees.

## III

Brasking and Robinsons–May further assert that the district court abused its discretion by amending the jury's general verdict to conform to its answers to the special interrogatories and entering judgment in favor of Embroidery and against Robinsons–May. They argue that the district court lacked the power to amend the verdict form submitted to the jury because it was a special verdict controlled by Rule 49(a) of the Federal Rules of Civil Procedure. Rule 49(a) authorizes a district court "to require the jury to return only a special verdict in the form of a special written finding upon each issue of fact." Fed.R.Civ.P. 49(a).

Pursuant to Rule 49(b) of the Federal Rules of Civil Procedure:

[t]he court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict.... When the answers [to written interrogatories] are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict....

Special verdicts and general verdicts with special interrogatories both consist of a list of questions calling for the jury to make findings of fact. *Floyd v. Laws,* 929 F.2d 1390, 1395 (9th Cir.1991) (citations omitted). However, with a special verdict, the jury is responsible only for fact finding; with a general verdict with special interrogatories, the jury is responsible for fact finding and for applying the law to its findings of fact. *Id.* Thus, the critical difference between a special verdict and a general verdict is that, in a special verdict under Rule 49(a), the jury is requested to make findings limited to specific factual issues, while in a general verdict pursuant to Rule 49(b), the jury must respond to special interrogatories concerning its fac-

tual findings, and, in addition, decide which party should prevail after applying the law to the facts. *Id.*

Here, the jury was asked to determine whether the evidence demonstrated by a preponderance of the evidence that (1) Brasking was the sole or joint author of the designs at issue, or (2) Brasking had an implied license to reproduce and distribute the designs. The jury was also asked to determine whether Brasking and Robinsons–May infringed on the copyrights to the designs, and, if so, "what amount of statutory damages do you award against Brasking and Robinsons–May." The jury found that Brasking infringed the copyright and awarded damages in favor of Embroidery. The jury also found, however, that Robinsons–May did not infringe the copyright on each design.

■ We agree with the district court that the jury's verdict is governed by Rule 49(b). The jury's findings of fact that Brasking was not the sole or joint author of the copyrighted designs, and did not have an implied license, are consistent and reconcilable. The jury's application of these facts to the legal question whether both Brasking and Robinsons–May are liable for statutory damages is inconsistent. If Brasking infringed Embroidery's copyright, Robinsons–May is also liable for infringement. When a general verdict with interrogatories is used, we review a district court's decision to enter judgment consistent with the answers to special interrogatories for abuse of discretion. *Wilks v. Reyes,* 5 F.3d 412, 415 (9th Cir. 1993) (citation omitted). The district court did not abuse its discretion in amending the jury's verdict to conform its answers to the special interrogatories and entering judgment accordingly.

## IV

Finally, Brasking and Robinsons–May maintain that the district court abused its discretion in denying their motion for a new trial regarding the award of damages for the infringement of Design Number 6. They argue that the evidence shows that Brasking was a joint author of that design.

■ Section 101 defines "joint work" as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. Under the law of this circuit, "joint authorship requires each author to make an independently copyrightable contribution." *Ashton–Tate Corp. v. Ross,* 916 F.2d 516, 520 (9th Cir.1990). Brasking's designer testified that she did not create the trim flowers added by Brasking, but instead purchased them from an outside vendor. Because Brasking's contribution is not an independently copyrightable contribution, as required by *Ashton–Tate,* Brasking cannot be a joint author of Design Number 6. The district court did not abuse its discretion upholding the jury's finding that Brasking was not a joint author.

AFFIRMED.