# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2009

Charles R. Fulbruge III
Clerk

No. 07-61025
Summary Calendar

MOHAMED BAHAMDUN, also known as Mohamed Abubaker Cahamoun

Petitioner

v.

MARK FILIP, acting U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 075 330

Before JONES, Chief Judge, and KING and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mohamed Bahamdun has petitioned for review of the decision of the Bureau of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) decision denying his application for asylum and withholding of removal. "[T]his [c]ourt must affirm the [BIA's] decision if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings." Moin v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003). Under this standard, "the alien must show that the evidence is so compelling that no reasonable factfinder could conclude against it." Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

Bahamdun contends that the IJ's credibility determination is not supported by the record. The BIA found, however, that the IJ's adverse credibility finding was not clearly erroneous. The BIA further found that the IJ's adverse credibility finding supported the IJ's conclusion that Bahamdun had failed to carry his burden of showing that he has a well-founded fear of persecution. See 8 U.S.C. § 1101(a)(42)(A).

Bahamdun argues that he was interviewed by the FBI about his brother-in-law, who was prosecuted in the United States for passport fraud and who has since resided in Saudi Arabia. He argues, "It makes sense that the FBI would also interview people concerning petitioner's activity and it is certain when word will get out and it will become common knowledge in the mosque and to certain people in Saudi Arabia and perhaps Yemen that someone cooperated if they do." This speculative argument does not show that the record compels the conclusion that Bahamdun has a well-founded fear that extremist groups in Yemen have knowledge of his contact with the FBI and that such groups are likely to harm him because of such contact. See Chun, 40 F.3d at 78.

Bahamdun argues that he has a well-founded fear of persecution "because in Yemen [he] could not marry and thus would be deprived of the happiness life has to offer." Bahamdun has not shown that the record compels the conclusion that he will necessarily be denied an opportunity to marry if he returns to Yemen. See id.

Bahamdun contends that an April 2008 travel warning issued by the U.S. State Department recommends that American citizens defer nonessential travel to Yemen. Bahamdun contends that this travel warning confirms that extremist groups are conducting operations against U.S. sympathizers. We have not considered these contentions because they are based on facts that are not in the

record.  See Goonsuwan v. Ashcroft, 252 F.3d 383, 390 n.15 (5th Cir. 2001).  The petition is

DENIED.