NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 7 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODNEY CABLE, a single man, | No. 14-15037 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00216-JAT |
| v. | |
| CITY OF PHOENIX; MICHAEL TOMEK, Officer # 9511/husband; UNKNOWN TOMEK, named as: Jane Doe Tomek/wife, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted March 15, 2016
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Rodney Cable appeals the district court's grant of summary judgment in

favor of Defendants on Cable's § 1983 excessive force claim and related state law

claims arising out of incidents surrounding Cable's arrest.   We reverse in part,

affirm in part, and remand.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

After two Phoenix police officers, Michael Tomek and Derek Smith, pulled over the vehicle that Cable was driving, they ordered him to exit the car, turn around, and lie down face down on the ground. There is no dispute that Cable complied with all of the officers' commands once his vehicle was stopped. Accounts of what happened next, however, differ substantially. Officer Tomek asserts that he approached Cable and placed one knee between Cable's shoulder blades while handcuffing him, as he had been trained to do. In contrast, Cable asserts that Officer Tomek jumped onto Cable's lower back with his knees, causing injury to his back. Officer Smith did not witness the entirety of the events surrounding the handcuffing.

Cable also alleges that he was handcuffed too tightly, causing pain and tearing of his skin, and that Officer Tomek slammed him against the side of the patrol car after he was handcuffed. Both officers dispute these allegations.

"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).

There are genuine disputes of material fact here that preclude summary

2

judgment on Cable's § 1983 excessive force claim, because, if a jury were to credit Cable's version of events, it could find that Officer Tomek subjected Cable to excessive force. *See Santos v. Gates*, 287 F.3d 846, 852-54 (9th Cir. 2002) (reversing grant of judgment as a matter of law and holding that viewing the facts in the light most favorable to the plaintiff could properly support a finding of excessive force where plaintiff alleged that he suffered a broken back after officers immobilized him, brought him to the ground, and handcuffed him); *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000) (reversing grant of summary judgment where there were disputed facts about how much force an officer used in placing his knee on the plaintiff's back while handcuffing the plaintiff during an arrest and about how much the plaintiff was resisting at the time, because a jury crediting the plaintiff's version of events "could conclude that [the officer] used force in excess of what was reasonable").

Following his arrest, Cable was ultimately diagnosed with a back injury that required lumbar fusion surgery. The district court held that Cable had failed to create a triable issue of fact regarding whether that surgery was necessitated by Officer Tomek's actions rather than by a preexisting condition. Even if Cable so failed, however, Defendants were not entitled to summary judgment. Cable could

be entitled to actual damages for pain and suffering based on his testimony alone. And even if he lacked evidence of actual damages, he could still be entitled to nominal damages. *See Wilks v. Reyes*, 5 F.3d 412, 416 (9th Cir.), *as amended on denial of reh'g* (Oct. 28, 1993) (A plaintiff does "not have to show actual damages, [and] he is not required to show a significant injury" in order to show a constitutional violation for use of excessive force.); *Hazle v. Crofoot*, 727 F.3d 983, 991 n.6 (9th Cir. 2013) ("Nominal damages must be awarded" if a constitutional violation is established even if "no actual injury is incurred or can be proven."). A jury that believed Cable might also award him punitive damages. *Smith v. Wade*, 461 U.S. 30, 55 n.21 (1983) ("punitive damages may be the only significant remedy available in some § 1983 actions where constitutional rights are maliciously violated but the victim cannot prove compensable injury") (quoting *Carlson v. Green*, 446 U.S. 14, 22 n.9 (1980)).

If a jury credits Cable's version of events, Officer Tomek would also not be entitled to qualified immunity because it was already clearly established at the time the events took place that it would constitute excessive force for an officer to jump onto the back of a nonresistant arrestee. *See Santos*, 287 F.3d at 852 (establishing that a finding of excessive force would be proper if officers broke plaintiff's back

4

after immobilizing him and bringing him to the ground in a situation in which plaintiff was not resisting arrest); *P.B. v. Koch*, 96 F.3d 1298, 1303 n.4 (9th Cir. 1996) (noting in the Fourth Amendment excessive force context that when "there [is] no need for force, [defendant's] use of force [is] objectively unreasonable.").

The district court also granted summary judgment on Cable's related state law claims for assault and battery, negligence and gross negligence, and intentional infliction of emotional distress, as well his claim for vicarious liability against Defendant City of Phoenix premised on those state law claims. We affirm the district court's grant of summary judgment with respect to Cable's intentional infliction of emotional distress claim, and we reverse as to the remaining claims.

Because there is a genuine dispute of material fact as to the amount of force used and the reasonableness of that force, the district court erred in granting summary judgment on Cable's state law assault and battery claim. *See* Ariz. Rev. Stat. § 13-409 (shielding officers from liability for use of force when several factors are met, including that "[a] reasonable person would believe that such force is immediately necessary to effect the arrest or detention or prevent the escape").

Summary judgment was also inappropriate as to Cable's state law negligence and gross negligence claims because the differences between Cable's

and the officers' accounts of the events also create genuine issues of material fact as to the elements of those claims. *See Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (en banc) ("To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages."); *Walls v. Ariz. Dep't of Pub. Safety*, 826 P.2d 1217, 1221 (Ariz. Ct. App. 1991) ("A party is grossly or wantonly negligent if he acts or fails to act when he knows or has reason to know facts which would lead a reasonable person to realize that his conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result.").

We affirm the district court's grant of summary judgment on Cable's emotional distress claim because Cable has waived any such claim by conceding during discovery in the district court that he was no longer pursuing it.

The district court also erred in granting summary judgment on the question of the City's vicarious liability for Cable's state law claims. The City rests its entire vicarious liability argument on the premise that all of Cable's state law claims lack merit. Because, as explained above, summary judgment is not

6

appropriate as to most of Cable's state law claims, it is not appropriate as to the vicarious liability claim either.

Each party shall bear its own costs on appeal.

REVERSED in part, AFFIRMED in part, and REMANDED.