106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John VITCOVICH, Plaintiff-Appellant,
v.
OCEAN ROVER O.N., in rem; Birting Fisheries, Inc., in
personam, Defendant-Appellee.
 No. 94-35047.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1997.*
Decided Jan. 14, 1997.
 
 Before: WRIGHT, CANBY and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Vitcovich appeals pro se the district court's grant of summary judgment in favor of Birting Fisheries, Inc. ("Birting") on Vitcovich's claims and Birting's counterclaim. Vitcovich alleged that he was injured while working as a deckhand aboard defendant's vessel, the Ocean Rover. He sued for negligence under the Jones Act, 46 U.S.C. § 688, and for both unseaworthiness and maintenance and cure under general maritime law. Birting counterclaimed for restitution of $17,554.03 from prior maintenance and cure payments made to Vitcovich. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part and remand.
 
 
 3
 * Jurisdiction
 
 
 4
 Initially, we must determine whether this appeal has been rendered moot by Birting's reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq. Mootness is a question of law which we review de novo. Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir.1994). Birting contends that Vitcovich's claim was discharged in its bankruptcy case; therefore, that this appeal is moot and should be dismissed. We disagree.
 
 
 5
 Generally, if a contingent creditor fails to file a proof of claim within the prescribed time limit, his claim is discharged by confirmation of the reorganization plan. 11 U.S.C. § 1141(d)(1)(A). In the absence of formal notice of the bankruptcy, however, a known contingent creditor is not bound by a discharge order, despite having actual knowledge of the bankruptcy proceedings. See Levin v. Maya Constr. Co. (In re Maya Constr. Co.), 78 F.3d 1395, 1398 (9th Cir.), cert. denied, 117 S.Ct. 168 (1996).
 
 
 6
 Birting concedes that it failed to list Vitcovich as a contingent creditor on its schedule of liabilities. Thus, Vitcovich never received formal notice of the bankruptcy, and instead only received notice that his appeal had been stayed. Such notice is not sufficient under Levin to bind Vitcovich to the bankruptcy court's order. Id. Consequently, Vitcovich's claim has not been discharged and this appeal is not moot.
 
 II
 Summary Judgement
 
 7
 Without explanation, the district court granted Birting's summary judgement motion on Vitcovich's liability claims for Jones Act negligence and unseaworthiness. It similarly denied Vitcovich's maintenance and cure claim, and ordered Vitcovich to repay Birting $17,554.03 for prior maintenance and cure payments. We review de novo the district court's grant of summary judgement. Bagdadi v. Nazer, 84 F.3d 1194, 1197 (9th Cir.1996). "Courts should exercise special care in considering summary judgment in Jones Act cases which require a very low evidentiary threshold for submission to a jury." Lies v. Farrell Lines, Inc., 641 F.2d 765, 770 (9th Cir.1981).[1]
 
 
 8
 A. Liability Claims.
 
 
 9
 In order to establish liability under the Jones Act, a seaman must show that his employer was negligent and that the negligence was a cause, however slight, of his injuries. 46 U.S.C. § 688; Havens v. F/T Polar Mist, 996 F.2d 215, 218 (9th Cir.1993); Lies, 641 F.2d at 770. To establish liability under general maritime law, a seaman must show that a part of his ship was unseaworthy and that this unseaworthiness was the proximate cause of his injuries. Havens, 996 F.2d at 217. "The failure of a piece of vessel equipment under proper expected use is sufficient to establish unseaworthiness." Lee v. Pacific Far East Line, Inc., 566 F.2d 65, 67 (9th Cir.1977) (citations omitted). Further, "where a ship's equipment malfunctions under normal use, the trier of fact may infer that the equipment is defective." Havens, 996 F.2d at 218 (citations omitted).
 
 
 10
 First, we note that Vitcovich's verified complaint provided some factual opposition to Birting's motion. See Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir.1995) (verified complaint may serve as an affidavit in opposition to a summary judgement motion). In his verified complaint, Vitcovich averred that while he was towing a cable across the deck of the Ocean Rover, a hydraulic operator engaged a winch that ripped the cable from Vitcovich's grasp causing injury to his shoulder, arm and hand. These verified allegations, though limited, help to establish genuine issues of fact regarding his co-worker's negligence and the Ocean Rover's unseaworthiness.
 
 
 11
 Second, Birting's sole argument to defeat liability lacks merit. Birting asserts that Vitcovich injured his shoulder while working for a former employer several months before he was employed on the Ocean Rover. In support of its motion, Birting submitted evidence showing that just prior to his employment with Birting, Vitcovich sought medical treatment for pain in the same shoulder that he allegedly injured aboard the Ocean Rover. Given this evidence of an alternative cause for Vitcovich's shoulder injury, Birting asserts that Vitcovich was required to submit expert medical testimony establishing that the injury (a torn bicep tendon) was the result of the incident on the Ocean Rover, and not his preexisting condition. Without such expert testimony, Birting argues, Vitcovich's evidence on summary judgement was insufficient as a matter of law to establish causation on his liability claims. Again, we disagree.
 
 
 12
 "Causation is generally a question of fact for the jury unless the proof is insufficient to raise a reasonable inference that the act complained of was the proximate cause of the injury." Lies, 641 F.2d at 770 (internal quotations and citation omitted). Jones Act cases "require a very low evidentiary threshold for submission to a jury." Id. (citation omitted). Here, Vitcovich's statements about his mishap on the Ocean Rover create a triable issue under both the diminished causation requirements of the Jones Act and normal proximate cause standards.
 
 
 13
 Birting, however, relies on Moody v. Maine Cent. R.R., 823 F.2d 693 (1st Cir.1987), for the proposition that Vitcovich needed expert medical testimony. Such reliance is misplaced. In Moody, the plaintiff sought to prove that harassment by his employer had caused him emotional distress which led to fatigue and angina attacks.[2] Moody, 823 F.2d at 693-94. The court held that in the absence of expert medical testimony linking the plaintiff's workplace harassment with his physical injury, no triable issue existed on causation. Id. Explaining its holding, the court stated that "plaintiff alleges a condition ... manifested only by subjective pain and allegedly arising from a series of work related pressures, and not from any traumatic 'accident' or event that jurors, as a matter of everyday experience, could causally connect with the injury alleged." See also Claar v. Burlington No. R.R., 29 F.3d 499, 503-04 (9th Cir.1994) (expert testimony necessary to establish causal connection between exposure to various chemicals and injuries sustained).
 
 
 14
 Vitcovich, however, does not allege the unusual, inchoate injuries involved in Moody and Claar, but rather the kind of traumatic, palpable injury within common jury experience. Indeed, Vitcovich's physician indicated that determination of the actual cause of Vitcovich's shoulder injury depends on the accuracy of Vitcovich's case history. Such credibility disputes are properly left to the jury. See Ulfik v. Metro-North Commuter R.R., 77 F.3d 54, 59 (2d Cir.1996) (holding that Moody and Claar apply only to "esoteric" injuries and allowing jury to determine causation based on plaintiff and co-workers' testimony). Further, in Moody and Claar no medical evidence linked the plaintiffs' injuries to the alleged harm. Moody, 823 F.2d at 694-95; Claar, 29 F.3d at 503. Here, Vitcovich's physician testified that Vitcovich's injury was consistent with the event that he alleges occurred on the Ocean Rover.
 
 
 15
 Of course a jury may ultimately agree with Birting that Vitcovich's shoulder problems are the result of events that preceeded his work on the Ocean Rover. We hold only that the record contains sufficient contrary evidence to survive summary judgement.
 
 
 16
 B. Maintenance and Cure.
 
 
 17
 A seaman is not entitled to maintenance and cure if: (1) he intentionally withholds from his employer information about a preexisting medical condition; (2) there is a causal relationship between the undisclosed condition and the impairment for which he seeks compensation; and (3) the undisclosed condition was material to the employer's decision to hire him. Tawada v. United States, 162 F.2d 615 (9th Cir.1947). All three elements are met by the undisputed facts of this case.
 
 
 18
 The "intentional concealment" element does not require a finding of subjective intent. Rather, it refers to the rule that a seaman may be denied maintenance and cure for failure to disclose a medical condition only if he has been asked to reveal it. Berkett v. Weyerhaeuser S.S. Co., 350 F.2d 826, 830 n. 4 (9th Cir.1965). Failure to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information therefore satisfies the "intentional concealment" requirement. Id.; see also Deisler v. McCormack Aggregates Co., 54 F.3d 1074, 1081 (3d Cir.1995); Wactor v. Spartan Transp. Corp., 27 F.3d 347, 352 (8th Cir.1994); McCorpen v. Central Gulf S.S. Corp., 396 F.2d 547, 549 (5th Cir.1968); Evans v. Blidberg Rothchild Co., 382 F.2d 637, 639 (4th Cir.1967); Sultentich v. Interlake S.S. Co., 257 F.2d 316, 320 (7th Cir.1958); Quiming v. International Pac. Enter., Ltd., 773 F.Supp. 230, 236 (D.Haw.1990).
 
 
 19
 The employment application Vitcovich signed before being hired by Birting cautioned him that a satisfactory medical condition was a precondition of his employment. He averred that he did not have any physical limitation that would preclude him from performing any work for which he was being considered. On the accompanying medical questionnaire, he indicated that he: had not recently been injured; did not have limited joint motion; did not have a painful or "trick" shoulder; and had not been treated by any clinic or physician within the past five years. All these statements were indisputably false; twice in the previous three months he had sought and received treatment for a painful shoulder condition that limited his movements. The condition resulted from an injury he suffered during his previous employment, which he also failed to disclose when asked to do so. In addition, during his pre-employment interview, Vitcovich responded to health-related questions by describing himself as "strong" and "healthy"; he did not mention his chronic shoulder pain. Thus, the intentional concealment requirement is easily met. That Vitcovich signed only the employment application, but not the accompanying questionnaire, is of no significance under either the applicable maritime test or contract law.
 
 
 20
 The causation requirement is also met. The injury for which Vitcovich seeks maintenance and cure is identical to the medical condition he concealed. And, the materiality requirement is met. Birting's personnel manager testified that she would have required Vitcovich to obtain a medical release or examination had he revealed his shoulder condition, and that she would not have hired him if he had revealed the extent of the injury.
 
 
 21
 Under the undisputed facts of this case, the district court did not err in granting summary judgement for Birting on its counterclaim for reimbursement of maintenance and cure payments and on Vitcovich's claim for maintenance and cure.
 
 III
 Conclusion
 
 22
 We reverse the trial court's grant of summary judgment for defendant on the Jones Act and unseaworthiness claims, and remand for further proceedings on these claims. We affirm summary judgment for defendant on plaintiff's maintenance and cure claim and its counterclaim.[3]
 
 
 23
 AFFIRMED in part, REVERSED in part and REMANDED. Each party shall bear his or its own costs on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Vitcovich was unrepresented when Birting moved for summary judgement, and he did not respond to the motion until after judgment was entered for Birting. (The court treated his letter response to the judgment as a motion for reconsideration and denied it.) Vitcovich claims that he did not receive timely notice of the summary judgement motion, and also did not know he was required to respond. However, the record demonstrates that he was served with notice of the summary judgement motion (at his father's home, where he had been served with many other papers which he unquestionably received). Moreover, a pro se party (who is not incarcerated) is held to the same standard in responding to a motion for summary judgment as a represented party. Jacobsen v. Filler, 790 F.2d 1362, 1364-66 (9th Cir.1986)
 
 
 [2]
 Moody involved an action under the Federal Employers' Liability Act (FELA). However "the standards of liability and proof are the same under the Jones Act and FELA." Claar v. Burlington No. R.R., 29 F.3d 499, 503 n. 8 (9th Cir.1994); Lies, 641 F.2d at 770
 
 
 [3]
 We emphasize that our affirmance of the summary judgment on the maintenance and cure claim and counterclaim is based on a failure to disclose a preexisting condition and not on a finding of the nature and extent of such condition, or its precise relationship to the injury Vitcovitch claims in his Jones Act and unseaworthiness claims. In other words, summary judgment against Vitcovitch on the maintenance and cure claim should not be read as a pre-judgment of his other claims