EDITH BROWN CLEMENT, Circuit Judge,
dissenting.
This court is called upon to determine whether restitution is available upon a successful establishment of a McCorpen defense. Because I believe the requirements of restitution are satisfied in all cases in which a McCorpen defense is successfully established, I would answer that question in the affirmative.
Every employer who successfully establishes a McCorpen defense must demonstrate that a seaman made an intentional and willful misrepresentation and relied on that misrepresentation to seek benefits to which he was not entitled. Johnson, 544 F.3d at 301; Brown, 410 F.3d at 171, 174. In my view, this is sufficient to entitle an employer to restitution under the fundamental equitable principle that a person who has received something to which he is not entitled through willful concealment or misrepresentation must restore it to the person from whom he received it. See La. Civ.Code ART. 2299; Restatement (Third) of Restitution & Unjust EnRiohment § 1 (“A person who is unjustly enriched at the expense of another is subject to liability in restitution.”). The district court eloquently stated, and I agree, that:
It is a rare rule of law, maritime in nature or otherwise, that denies relief to an aggrieved party in the face of willful misconduct. Even wards of the court must be forthright and truthful. The entitlements seamen enjoy are created with the contract of employment.... [Boudreaux] has deprived himself of protection through his own wilful and deliberate misconduct and consequences should be considered. An opposite result would lead to a travesty of justice, encouraging mockery of the judicial process and denigration of the founding principles of admiralty based schemes that seek to promote the “combined objective of encouraging marine commerce and assuring the well-being of seamen.”
Boudreaux v. Transocean Deepwater, Inc., No. 08-1686, 2011 WL 5025268, at *6 (E.D.La. Oct. 20, 2011) (quoting Aguilar v. Standard Oil Co., 318 U.S. 724, 727-28, 63 S.Ct. 930, 87 L.Ed. 1107 (1943)). Bou-dreaux presents no reason to depart from this general principle or the district court’s well-reasoned opinion adopting it, and I can find none.
The only circuit court to consider this issue has adopted the position that restitution is available upon a successful establishment of a McCorpen defense. See Vitcovich v. Ocean Rover O.N., No. 94-35047, 106 F.3d 411, 1997 WL 21205, at *4 (9th Cir. Jan. 14, 1997) (unpublished). And although some district courts in this circuit have declined to award restitution under McCorpen in the absence of guidance from this court, that position does not find widespread support across all circuits. See, e.g., Souviney v. John E. Graham & Sons, *507 No. 93-0479, 1994 WL 416643, at *5 (S.D.Ala.1994) (unpublished) (“Because plaintiff intentionally concealed material facts about the very back injury for which he now seeks recovery against the defendant ... as a matter of law, plaintiff is not entitled to receive maintenance and cure benefits. To the extent that such benefits have been paid by the defendant, the defendant is entitled to recover the amount of those benefits by way of judgment against the plaintiff.”); Quiming v. Int’l Pac. Enters., Ltd., 773 F.Supp. 230, 235-37 (D.Haw.1990) (granting a counterclaim for $30,000 of maintenance and cure after defendants established that the plaintiff was never legally entitled to receive the benefits); see also Bergeria v. Marine Carriers, Inc., 341 F.Supp. 1153, 1154-56 (E.D.Pa.1972) (“In addition to our finding that [a] counterclaim [for improperly paid maintenance and cure] is cognizable within the maritime jurisdiction, it must also be allowed as a contractual set-off.”).
The majority expresses concern that adopting this position will visit the hardship of restitution on a seaman absent a finding that the seaman subjectively intended to deceive. But that concern is based on an incorrect reading of our case law. It is undisputed that McCorpen requires a finding of intentional or willful concealment. Johnson, 544 F.3d at 301 (“[T]he McCorpen defense applies [only] when an injured seaman has ‘willfully concealed from his employer a preexisting medical condition.’ ” (quoting Brown, 410 F.3d at 171)). Although we have held that such intentionality can be demonstrated as a matter of law, this does not lessen the burden on the defendant to show that the seaman “intentionally misrepresented or concealed” medical information when he was called upon to reveal it. Brown, 410 F.3d at 171; see id. at 174-75.[1]
The majority also indicates that we should shy away from creating an automatic cause of action under McCorpen because “an employer may offset any Jones Act damages recovered by the seaman to the extent they duplicate maintenance and cure previously paid.” I disagree that this consideration is relevant to our analysis. The question of how much Transocean will recover is not before us in this appeal. And as recovery under McCorpen is essentially an equitable remedy, courts retain the power to apportion an award so as not to doubly-tax a seaman. It follows that so long as an employer satisfies its burden of showing “duplication” by successfully asserting a McCorpen defense, it should be entitled to restitution in whatever form is sufficient to render it whole under all the circumstances.
Eight years ago this court adopted a similar position under the rubric of Jones Act claims. In Withhart v. Otto Candies, L.L.C., the court began by acknowledging that “the purpose of the Jones Act,” like maintenance and cure, “was to benefit and protect seamen by enlarging, not narrowing, the remedies available to them.” 431 F.3d 840, 845 (5th Cir.2005). Nevertheless, this court held that shipowner-employers could assert negligence and indemnity claims against seamen for property damage caused by a seaman’s negligence. Id. In the court’s opinion, this cause of *508 action would not narrow the remedies traditionally available to seaman under the Jones Act, and “the fact that seamen work under difficult conditions [was] not a reason to shield them from liability from negligence.” Id.
The same is true here. Just because honest seamen are entitled to avoid the hassles of complex workers’ compensation schemes does not mean that seamen who intentionally or willfully conceal prior medical conditions are entitled to the same benefits. This court recognized as much in McCorpen, and has consistently applied that principle for over fifty years. This case is therefore distinguishable from Still, in which the Supreme Court held that an employee could recover under the Federal Employers’ Liability Act even if the individual obtained his job by false representations. 368 U.S. at 44-45, 82 S.Ct. 148. Here, there is no question as to whether Boudreaux is entitled to the benefits of maintenance and cure as a result of his misrepresentations. He is not and was not, and I would therefore hold that Trans-ocean is entitled to restitution. There is no reason to reject this general equitable principle in the face of willful and intentional misconduct engaged in on land by a non-maritime employee, simply because, by virtue of that very misconduct, the individual later obtained maritime employment and became unjustly enriched at the expense of his maritime employer.
I respectfully dissent.

. Our precedent on this issue is consistent with our sister circuits’ treatment of McCor-pen and McCorpen-like defenses. See, e.g., Evans v. Blidberg Rothchild Co., 382 F.2d 637, 639-40 (4th Cir.1967); Burkert v. Weyerhaeuser S.S. Co., 350 F.2d 826, 830-31 (9th Cir.1965). This holding also follows directly from McCorpen, in which this court concluded that a seaman acted intentionally when he was "intelligent enough to know” that he had "a serious medical problem that should be revealed” and failed to reveal that condition "[i]n completing a form that was obviously designed to elicit information about past illnesses of importance.” McCorpen, 396 F.2d at 549-50.