Stephen P. **HAVENS**, Plaintiff–Appellee,

v.

**F/T POLAR MIST, U.S.C.G. Official Number 604676, in rem, Defendant,**

**Arctic Vessel Management, Inc., in personam, Defendant– Appellant.**

**No. 92–35335.**

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 1993 *.

Decided June 18, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34–4.

Clayton G. Ramsey, Le Gros, Buchanan, Paul & Whitehead, Seattle, WA, for the defendant-appellant.

Louis Rukavina, Spokane, WA, for plaintiff-appellee.

Before: WRIGHT, FARRIS, and D.W. NELSON, Circuit Judges.

---

FARRIS, Circuit Judge:

Arctic Vessel Management, Inc. appeals from the district court's judgment in favor of Stephen Havens, in Havens's action for personal injuries under the Jones Act, 46 U.S.C.App. § 688 (1988), and under the doctrine of seaworthiness. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1988). We affirm.

## I.

Havens began working aboard the F/T Polar Mist, a ship owned by Arctic, on September 19, 1990. On September 28, 1990, Havens was struck on the back, shoulders, and head by a hinged, circular steel hatch cover, which fell on him as he ascended a ladder from the freezer compartment of the ship's hold. Havens, an assistant cook, was retrieving galley provisions from the freezer when he was injured. No one other than Havens witnessed the accident.

Havens filed suit against Arctic on March 25, 1991, alleging that the F/T Polar Mist was unseaworthy, and that Arctic was negligent under the Jones Act. After a bench trial, the district court entered judgment for Havens in the amount of $321,239. This appeal followed.

## II.

Arctic contends that Havens failed to demonstrate that the F/T Polar Mist was unseaworthy and that such unseaworthiness was a proximate cause of his injuries. We review an admiralty trial court's factual determinations for clear error, *Newby v. F/V Kristen Gail*, 937 F.2d 1439, 1441 (9th Cir. 1991); *Trinidad Corp. v. S.S. Keiyoh Maru*, 845 F.2d 818, 822 (9th Cir.1988), and its conclusions of law de novo, *Newby*, 937 F.2d at 1442; *Trinidad*, 845 F.2d at 822.

A shipowner has an absolute duty "to furnish a vessel and appurtenances reasonably fit for their intended use." *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550, 80 S.Ct. 926, 933, 4 L.Ed.2d 941 (1960); *see Hechinger v. Caskie*, 890 F.2d 202, 207 (9th Cir.1989), *cert. denied* 498 U.S. 848, 111 S.Ct. 136, 112 L.Ed.2d 103 (1990). "The failure of a piece of vessel equipment under proper and

expected use is sufficient to establish unseaworthiness." *Lee v. Pacific Far East Line, Inc.*, 566 F.2d 65, 67 (9th Cir.1977) (citing *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 499, 91 S.Ct. 514, 517, 27 L.Ed.2d 562 (1971)).

■ Where a ship's equipment malfunctions under normal use, the trier of fact may infer that the equipment is defective. *Villers Seafood Co. v. Vest*, 813 F.2d 339, 342 (11th Cir.1987); *see also Satchell v. Svenska Ostasiatiska Kompaniet*, 385 F.2d 76, 78 (4th Cir.1967). This is especially so where, as here, no evidence supports an alternative explanation for the malfunction. *Villers*, 813 F.2d at 342.

Havens's testimony established that: (1) a fish ladder located next to the hatch cover prevented the cover from being placed flat on the deck of the ship; (2) the hatch cover rested against the fish ladder such that the angle formed by the open hatch cover and the deck was slightly greater than 90 degrees; (3) no means were provided to secure the cover to any other structure; (4) Havens did not cause the cover to fall; and (5) there were no unusual climatic conditions when the hatch cover fell.

Arctic called no witnesses on the issue of liability and presented no evidence to suggest that Havens improperly operated the hatch cover.

Arctic's reliance upon *Thornton v. United States*, 1977 A.M.C. 2531 (S.D.Tex.1977), is misplaced. In *Thornton*, the plaintiff testified inconsistently as to the nature of the alleged unseaworthy condition: at trial, Thornton claimed that he had slipped on a wet deck; in deposition, he claimed that he had fallen down some steps. The district court found that Thornton was not a credible witness and that the evidence did not even demonstrate that Thornton was injured aboard the ship. In contrast, it is undisputed that Havens was injured aboard the F/T Polar Mist when the hatch cover struck him as he exited the hatch.

The district court did not err in its finding that the F/T Polar Mist was unseaworthy.

## III.

■ Arctic next contends that the evidence at trial was insufficient to establish its liability for negligence under the Jones Act. To recover on his Jones Act claim, Havens was required to establish by a preponderance of the evidence: (1) negligence on the part of his employer (or one for whom the employer is responsible), and (2) that the negligence was a cause, however slight, of his injuries. *Hechinger*, 890 F.2d at 208 (citing *Litherland v. Petrolane Offshore Constr. Servs., Inc.*, 546 F.2d 129, 133 (5th Cir.1977) and *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 771 (9th Cir.1981)).

■ Although the duty to provide a safe ship is broad, the employer must have notice and the opportunity to correct an unsafe condition before liability will attach. *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir.1989). There must be some evidence from which the trier of fact can infer that the owner either knew, or in the exercise of due care, should have known of the unsafe condition. *Dempsey v. Mac Towing, Inc.*, 876 F.2d 1538, 1543 (11th Cir.1989); *see also Perry v. Morgan Guar. Trust Co.*, 528 F.2d 1378, 1379 (5th Cir.1976).

■ The evidence, however, need not be substantial. The quantum of evidence necessary to support a finding of Jones Act negligence is less than that required for common law negligence, *Ward v. American Hawaii Cruises, Inc.*, 719 F.Supp. 915, 917 (D.Haw. 1988), and even the slightest negligence is sufficient to sustain a finding of liability. *Id.; Colburn*, 883 F.2d at 375.

Arctic insists that Havens's uncorroborated testimony is insufficient to support a finding of negligence. Havens's testimony was as uncontroverted as it was uncorroborated. Arctic provided no means to secure the hatch cover safely in an upright position. Nor did it warn Havens of the danger. The district court properly could infer that Arctic was aware, or should have been aware, of the danger. The court did not clearly err, *see Newby*, 937 F.2d at 1441, in finding that Arctic was negligent and that its negligence proximately caused Havens's injuries.

## IV.

■ The district court awarded Havens $22,650 for lost wages, $198,589 for diminish-

ed earning capacity, and $100,000 for pain, suffering, and permanent partial disability. Arctic challenges the latter two awards.

Arctic contends that the district court should have considered Havens's "sporadic" work history in determining the extent to which his earning capacity was diminished by his injuries. Arctic asserts that because Havens's employment was interrupted in the past by significant periods of incarceration, the damage award should be reduced to reflect the "inescapable conclusion" that Havens's future employment similarly will be interrupted.

Although we do not necessarily share Arctic's view on the inevitability of recidivism, we note that the district court halved the award in contemplation of the possibility that Havens would be incarcerated in the future.

 Arctic also contends that the $100,000 award for pain, suffering, and permanent partial disability is "clearly excessive." We will not disturb an award of this nature unless it either shocks the conscience or was motivated by the trial judge's passion or prejudice. *Vance v. American Hawaii Cruises, Inc.*, 789 F.2d 790, 793 (9th Cir. 1986). Neither ground is suggested by the record.

**AFFIRMED.**