65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In the Matter of the Complaint of TONQUIN FISHERIES, INC., a
Washington Corporation, owner of the F/V Tonquin, official
no. 529425 for exoneration from or limitation of liability,
Petitioner-Appellant,
v.
Evelyn WARD, Mother of Lawrence J. Tousignant, Captain of
the Above-Named Vessel; Ymanda Tousignant as
personal representative of the estate of
Lawrence Tousignant,
Defendants-Appellees.
 
 1
 No. 94-35422.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted July 21, 1995.
Decided Aug. 15, 1995.
 
 3
 Before: NOONAN and HAWKINS, Circuit Judges, and LEW, District Judge.*
 
 
 4
 MEMORANDUM**
 
 
 5
 Tonquin Fisheries, Inc. ("Tonquin") appeals from the district court's findings of fact and conclusions of law rendered after trial of the limitation of liability action below. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 6
 This limitation of liability action arises out of the sinking of the vessel F/V Tonquin on October 13, 1991. All crew members except the vessel's captain, Lawrence Tousignant, were rescued from the vessel and survived. Captain Tousignant is presumed to have drowned.
 
 
 7
 On January 29, 1992, Tonquin Fisheries, the owner of the F/V Tonquin, filed a petition in admiralty for limitation of liability pursuant to 46 U.S.C. App. Secs. 183 and 185 and Supplemental Rule F of the Federal Rules of Civil Procedure. In its petition, Tonquin contended that its vessel was seaworthy, that it was free from negligence with regard to the sinking or in the alternative, that it had no knowledge of any unseaworthiness or negligence. Thus, Tonquin contended that it was entitled to limit its liability for the sinking of the vessel to the value of its interest in the vessel. See 46 U.S.C. App. Sec. 183.[1]
 
 
 8
 Following a bench trial of the limitation action, the district court, on February 10, 1994, issued its findings of fact and conclusions of law. The court ruled that because certain regulatory safety violations attributable to Tonquin caused Captain Tousignant's death, Tonquin would not be permitted to limit its liability. On April 1, 1994, the district court issued an order denying Tonquin's motion to amend the findings of fact and conclusions of law.
 
 
 9
 The district court's determination that Tonquin could not limit its liability is not challenged on appeal. Rather, Tonquin's appeal is limited to certain findings of fact and conclusions of law. Specifically, Tonquin challenges the district court's finding number eighteen, that during the months before the sinking of the F/V Tonquin, Tonquin Fisheries and its principle stockholder, Burton Parker, were in extreme financial distress and were unable to purchase the material or labor necessary to make the vessel safe and seaworthy. ER 83 at 4. Tonquin also challenges conclusions of law numbers fourteen and fifteen, holding that Tonquin Fisheries would be liable to the estate of Captain Tousignant ("the estate") for all damages arising from his death and that a later trial on the estate's claims against Tonquin would be limited to the issue of damages.
 
 II.
 
 10
 We review an admiralty trial court's factual determinations for clear error. Havens v. F/T Polar Mist, 996 F.2d 215, 217 (9th Cir. 1993); Newby v. F/V Kristen Gail, 937 F.2d 1439, 1441 (9th Cir. 1991). Tonquin challenges the district court's finding number eighteen, claiming that evidence in the record of $40,000 to $100,000 being spent annually on maintenance of the F/V Tonquin indicates that the finding was clear error.
 
 
 11
 We find evidence in the record to support the district court's finding regarding the financial position of Tonquin Fisheries and its primary stockholder and thus affirm the district court's finding. While the evidence cited by Tonquin does support an argument that substantial amounts of money had, at one time, been spent on maintenance of the F/V Tonquin, other testimony supports the finding that in the months before the sinking of the vessel, Tonquin and Burton Parker were in a weak financial position. See, e.g., RT 97,98, 236; SER 273, 274. The district court's finding of fact eighteen shall therefore be AFFIRMED.
 
 III.
 
 12
 An admiralty trial court's conclusions of law are reviewed de novo. Havens, 996 F.2d at 217; Newby, 937 F.2d at 1441. Likewise, a district court's construction of a statute is a question of law reviewed de novo. United States v. Louisiana-Pacific Corp., 754 F.2d 1445, 1447 (9th Cir. 1985).
 
 
 13
 Tonquin contends that the district court's conclusions of law numbers fourteen and fifteen, which act to preclude it from raising issues of Captain Tousignant's comparative fault and primary duty, were rendered in error. Tonquin argues that the conclusions are an inaccurate interpretation of the law and moreover, that the issues were not properly before the district court in the limitation action.
 
 
 14
 We find the district court's conclusions to be a proper application of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. Sec. 53 (incorporated into seaman's Jones Act claims by 46 U.S.C. Sec. 688). Section 53 provides:
 
 
 15
 In all actions ... brought ... to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: Provided, That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.
 
 
 16
 45 U.S.C. Sec. 53.
 
 
 17
 In unchallenged portions of the district court's findings and conclusions, it held that violations of Coast Guard safety regulations were within the knowledge and privity of Tonquin and its managing agents and that such violations were a proximate cause of Captain Tousignant's death. ER 83 at 4-6 (conclusions of law 1(a), 1(b), 2, 7). These findings and conclusions were necessary components of the district court's limitation analysis. See Matter of Hechinger, 890 F.2d 202, 207 (9th Cir. 1989) (in a limitation action, the court must determine what acts of negligence or unseaworthiness caused the accident), cert. denied, 498 U.S. 848, 111 S. Ct. 136 (1990).
 
 
 18
 Moreover, from these findings and conclusions flows the district court's determination under Section 53 that Tonquin would be liable to the estate for all damages arising out of Captain Tousignant's death and that Tonquin would be precluded from raising issues of Tousignant's comparative negligence. See Kopczynski v. The Jacqueline, 742 F.2d 555, 558 (9th Cir. 1984) (under Section 53 "comparative negligence[] may not be considered 'in any case where the violation by [the employer] of any statute enacted for the safety of employees contributed to the injury or death of such employee"'), cert. denied, 471 U.S. 1136, 105 S. Ct. 2677 (1985); see also Roy Crook & Sons, Inc. v. Allen, 778 F.2d 1037, 1039-41 (5th Cir. 1985).
 
 
 19
 Tonquin's argument that it should not be precluded from arguing issues of Captain Tousignant's primary duty is likewise unpersuasive. As part of its uncontested limitation analysis, the district court found that it was Tonquin's duty to equip its vessel with bilge alarms and lighted survival suits. ER 83 at 5 (conclusions of law 3(a), 3(b)). While Captain Tousignant may have shared this duty, the district court's finding renders the primary duty rule inapplicable. That rule only applies when the shipowner is not at fault and the seaman's own failure to perform a "specific positive duty" was the sole cause of his death. California Home Brands, Inc. v. Ferreira, 871 F.2d 830, 836 (9th Cir. 1989); Kendrick v. Illinois Central Gulf R.R., 669 F.2d 341, 344 (5th Cir. 1982).
 
 
 20
 Finding the district court's preclusion of issues of Captain Tousignant's comparative fault and primary duty to be a correct application of the law, the district court's conclusions of law fourteen and fifteen are AFFIRMED. We reject Tonquin's argument that Section 53 should have a different application in the context of claims made by a ship's captain. This argument has no foundation under the statute. See Roy Crook & Sons, Inc. v. Allen, 778 F.2d 1037, 1043 (5th Cir. 1985) (finding no exceptions to Section 53's application to the comparative fault of a ship's captain). Moreover, no error or prejudice can be attributed to the district court's preclusion of comparative fault and primary duty in the context of a limitation of liability action. Such preclusion flows directly from the issues necessarily determined by the district court in its limitation of liability analysis. For the foregoing reasons, the district court's decision is
 
 
 21
 AFFIRMED.
 
 
 
 *
 Hon. Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This memorandum disposition is not appropriate for publication and may not be cited to except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 183 provides, in pertinent part,
 (a) The liability of the owner of any vessel, ... for any ... loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.
 46 U.S.C. App. Sec. 183. Title 46 U.S.C. Sec. 185 and Supplemental Rule F, Fed. R. Civ. P., provide the procedural rules through which a vessel owner may bring a limitation action.