95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vincent E. TUERPE, Plaintiff-Appellant,
v.
POLMAR FISHERIES, INC.; Polmar, Inc.; Northland Fisheries,
Inc.; Arctic Alaska Fisheries, Corp., dba Polar
Wind Joint Venture; POLAR WIND, F/V,
O.N., Defendants-Appellees.
 No. 95-35850.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1996.*
Decided Aug. 8, 1996.
 
 Before: GOODWIN, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Vincent Tuerpe was employed as a fish processor/deckhand on the F/V Polar Wind. He claims that he was injured by a filleting knife that went through his hand while he attempted to climb over a fish processing table. He filed suit against appellees alleging that the F/V Polar Wind was unseaworthy, the employees were negligent in leaving filleting knives on the processing table after use, and that such unseaworthiness and negligence caused his injury.
 
 
 3
 After a bench trial, the district court found that appellees' negligence and the unseaworthiness of the vessel did not cause Tuerpe's injury. This conclusion was not based on an erroneous understanding of the plaintiff's burden in Jones Act cases. It was based on the district court's unequivocal determination that Tuerpe's story was not consistent with the physical evidence and that Tuerpe was not a credible witness. The record does not demonstrate that these findings are clearly erroneous. See Havens v. F/T Polar Mist, 996 F.2d 215, 217 (9th Cir.1993).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3