119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael T. SWANSON, Plaintiff-Appellant,
v.
ARCTIC ALASKA FISHERIES CORPORATION, a Washington
corporation; Tyson Foods Inc., a Delaware
corporation; Bering Trawlers, Inc., a
Washington corporation,
Defendants-Appellees.
 No. 96-35191.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1997*
Filed July 18, 1997.
 
 Appeal from the United States District Court for the District of Alaska, No. CV-93-00478-JMF; James M. Fitzgerald, District Judge, Presiding.
 WALLACE, NOONAN, and THOMPSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Michael Swanson appeals from the district court's judgment after a bench trial awarding him $10,216 in damages for an ankle injury that he suffered while serving aboard the Bering Enterprise. The district court had jurisdiction under 28 U.S.C. § 1333. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 * Swanson asserts that the district court's failure to address specifically his Jones Act and maintenance, cure, and unearned wages claims violates Rule 52(a) of the Federal Rules of Civil Procedure and requires us to vacate the district court's judgment. From the bench, the district court stated:
 
 
 3
 I find and conclude ... that Swanson's disability was and is caused by a preexisting condition of ankylosing spondylitis prior to his ankle injury occurring on board the Bering Enterprise, January 21st, 1992[and] that Swanson's disability from and after March 5th, 1992, was caused by ankylosing spondylitis and not caused or due to his ankle injury of January 21st, 1992.
 
 
 4
 "Failure to comply with Rule 52(a) does not require reversal unless a full understanding of the question is not possible without the aid of separate findings." Vance v. American Hawaii Cruises, 789 F.2d 790, 792 (9th Cir.1986). Thus, our inquiry is whether the district court's findings and conclusions provide a "full understanding" of what the district court held.
 
 
 5
 The Jones Act and unseaworthiness claims require Swanson to prove that the defendant's equipment or negligence caused, at least in some part, the alleged disability. See Havens v. F/T Polar Mist, U.S.C.G., 996 F.2d 215, 218 (9th Cir.1993) ("To recover on his Jones Act claim, [a plaintiff must] establish by a preponderance of the evidence ... that the negligence was a cause, however slight, of his injuries."); Hechinger v. Caskie, 890 F.2d 202, 207 (9th Cir.1989) ("[T]he [unseaworthiness] claimant must show that the injury was caused by a piece of the ship's equipment or an appurtenant appliance."), cert. denied, 498 U.S. 848 (1990). The district court's finding that the ankle sprain neither caused his ankylosing spondylitis nor his post-March 5, 1992, disabilities foreclose his unseaworthiness and Jones Act claims. The district court found that his preexisting condition of ankylosing spondylitis, which had nothing to do with his ankle injury, was responsible for his post-March 5, 1992, disabilities. The district court's findings provide us with a "full understanding" that Swanson's injury aboard the Bering Enterprise had caused no more than a sprained ankle which had healed by March 5, 1992.
 
 
 6
 The same is true for Swanson's "maintenance and cure" claim. The district court found that Swanson injured his ankle on January 21, 1992, and that it had healed by March 5, 1992. It then ordered Arctic Alaska Fisheries Corp. (Arctic) to pay $10,216 for Swanson's ankle injury. This award covered his total earning losses during the January 21-March 5 time period. Also, Swanson does not dispute Arctic's contention that Arctic paid for all of Swanson's medical expenses that he incurred during this time. From the district court's findings, we have a "full understanding" that it held Arctic "cured" the ankle injury and "maintained" Swanson's wages during the relevant time period. Arctic does not have a "maintain and cure" duty for disabilities that did not arise due to or during Swanson's employment.
 
 
 7
 But we doubt we need address this issue. Our law is clear that to preserve an objection to the insufficiency of findings of the district court, a request for more specific findings must be made in the district court. Hollinger v. United States, 651 F.2d 636, 640-41 (9th Cir.1981). Although Swanson filed a "motion to amend findings or, in the alternative, motion for new trial," the motion did not deal with inadequate findings. Rather, the requested action was for the district court to change its finding that "Swanson's disability was caused by ankylosing spondylitis" based on new evidence. This motion did not preserve the objection now being asserted to the findings.
 
 
 8
 Finally, Swanson argues that the district court erred in awarding wages for 30 days, rather than 90. However, Swanson's employment contract clearly states that it was for 30 days. Swanson's misleading reference to the trial transcript, which concerned the 90-day period required for Swanson to earn transportation back to his point of hire, does not persuade us otherwise.
 
 II
 
 9
 Swanson next argues that the district court erred in treating his motion to reopen to submit additional medical evidence as a motion for a new trial. He also argues that the district court abused its discretion in denying his motion to reopen the record, thus excluding Dr. Messner's testimony. We review a denial of a motion to reopen for an abuse of discretion. Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 331 (1971). Even if properly presented, the proposed new medical opinion was tardy. The parties had rested. The judge only had parts of depositions left to read. The judge indicated he probably would not allow the new evidence and subsequently so ruled. There was no abuse of discretion.
 
 
 10
 However, we need not decide these issues, for any error by the district court did not prejudice Swanson. The district court heard Swanson's witnesses testify that he suffered from ankylosing spondylitis. After he rested his case, Swanson wished to present Dr. Messner's testimony that Swanson did not suffer from ankylosing spondylitis. Considering that Dr. Messner's evaluation would have contradicted Swanson's own witnesses, we conclude that any error concerning the admissibility of Dr. Messner's evaluation was not prejudicial, and thus does not require reversal.
 
 III
 
 11
 Swanson also contends that the district court erred in denying his motion for a new trial under Rule 59(a). We review the district court's denial of a Rule 59(a) motion for an abuse of discretion. Browning-Ferris Indus. v. Kelco Disposal, 492 U.S. 257, 278 (1989). To receive Rule 59(a) relief, Swanson must show, among other things, that the evidence was "of such magnitude that production of it earlier would have been likely to change the disposition of the case." Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir.1990). As we have already stated, Swanson has not shown that the omission of Dr. Messner's testimony prejudiced him. Thus, the district court did not abuse its discretion in denying Swanson's Rule 59(a) motion, even if it did so on different grounds.
 
 IV
 
 12
 Finally, Swanson alleges that the district court should have awarded prejudgment interest. However, Swanson failed to comply with District of Alaska Local Rule 58.1(d). Even if the district court "entered judgment without leaving a blank for prejudgment interest," as Swanson alleges, that in no way excuses Swanson's disregard of Local Rule 58.1(d).
 
 
 13
 AFFIRMED. Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4