129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
lobodan PRANJIC, Plaintiff-Appellee,
v.
CHLOE Z FISHING COMPANY, INC., her engines, tackle, apparel
and furniture, et al., Defendant-Appellant.
 No. 96-17279.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1997.
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the District of Guam, No. CV-94-00014; John C. Coughenour, District Judge, Presiding.
 Before REINHARDT, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Chloe Z Fishing Company, Inc. ("Chloe") appeals a jury verdict of $765,000 in favor of Slobodan Pranjic. After full consideration of the briefs and the record, we affirm the judgment. Because the parties are well familiar with the factual and procedural history of this action, we need not recount it here.
 
 I.
 
 3
 The jury found Chloe liable under the doctrine of unseaworthiness. Under the doctrine, a shipowner has an absolute duty to furnish a seaworthy ship. Ribitzki v. Canmar Reading & Bates, 111 F.3d 658, 664 (9th Cir.1996). A seaworthy ship is one reasonably fit for its intended use. Id. Unseaworthiness may be established when the shipowner fails to provide adequate equipment for the performance of an assigned task. Johnson v. Offshore Express, 845 F.2d 1347, 1355 (5th Cir.1988).
 
 
 4
 In order to establish a claim for unseaworthiness, the plaintiff must establish:
 
 
 5
 (1) the warranty of seaworthiness extended to him and his duties; (2) his injury was caused by a piece of the ship's equipment or an appurtenant appliance; (3) the equipment was not reasonably fit for its intended use; and (4) the unseaworthy condition proximately caused his injuries.
 
 
 6
 Id. The first two prongs are clearly met because Pranjic was an employed seaman on the CHLOE Z and his injury was caused by his fall off the ship. However, Chloe contends there is insufficient evidence to support the jury's finding that the ship was unseaworthy, or that Pranjic's injury was caused by an unseaworthy condition.
 
 
 7
 We review a jury's verdict to determine whether it is supported by substantial evidence. Davis v. Mason County, 927 F.2d 1473, 1486 (9th Cir.1991). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence. Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir.1994).
 
 
 8
 There was substantial evidence supporting the jury's finding of unseaworthiness. Matos testified that he ordered Pranjic to cross over to the MILAGROS to obtain supplies. The gangplank was not down at the time of the accident. Pranjic did not have the authority to use a speedboat or lower the gangplank without an order from a superior. Pranjic's expert, Captain Jurgen Untenburg, testified that it was the captain's responsibility to provide a safe means of passage from the CHLOE Z to the MILAGROS Z, and that Captain Gobin should have ordered the gangplank down without a request from the crew. Additionally, Captain Gobin and Master Lipanovich both testified that jumping from one ship to another was dangerous and unsafe. In light of the evidence presented, a reasonable mind could conclude that the CHLOE Z was unseaworthy because the Captain failed to provide the adequate equipment necessary to allow Pranjic to perform the assigned task of crossing over to the MILAGROS Z.
 
 
 9
 Similarly, a reasonable jury could conclude that such unseaworthiness caused Pranjic's injuries. Chloe argues that its failure to provide a gangplank did not cause Pranjic's injury because Pranjic chose to jump rather than request an order to lower the gangplank. However, the gangplank was not ready on deck and it would have taken four people to prepare. Likewise, the speedboat could not be lowered without deployment of additional men. In the absence of readily available alternatives, a seaman's volitional use of a more dangerous option to complete a task does not preclude recovery. Peymann, 507 F.2d at 1322.
 
 
 10
 Thus, substantial evidence supported the jury's finding of unseaworthiness.
 
 II.
 
 11
 The jury's finding of negligence was also supported by substantial evidence. To establish negligence under the Jones Act, the plaintiff must establish that his employer was negligent and that the negligence was a cause of his injuries. Havens v. F/T Polar Mist, 996 F.2d 215, 218 (9th Cir.1993). " 'Negligence' includes 'any knowing or careless breach of any obligation which the employer owes to the seamen.' " lB Benedict on Admiralty § 21 (7th Ed. Revised 1991) (quoting Koehler v. Presque-Isle Transportation Co., 141 F.2d 490 (2d Cir.1944)). "Whenever a case involves a difficult issue of proximate causation, as for example when there is an efficient intervening cause, the Jones Act ... requires only that the negligent act or omission play any part, even the slightest, in producing the injury...." 1B Benedict on Admiralty § 21 (7th Ed. Revised 1991); see also Havens, 996 F.2d at 218.
 
 
 12
 Here, there was substantial evidence supporting the jury's finding of negligence. The employer of a seaman owes the seaman a duty under the Jones Act to provide the seaman with a safe place to work. Glynn v. Roy Al Boat Mgt. Corp., 57 F.3d 1495, 1498 (9th Cir.1995). The same evidence which supported the jury's finding of unseaworthiness supported the negligence finding.
 
 
 13
 As in its argument against unseaworthiness, Chloe contends that the jury's finding of negligence is unsupported by substantial evidence because Pranjic's injury was caused by his "own choice about how and where to cross" rather than by the negligence of his employer. In light of the Jones Act's liberal standard of causation and the testimony presented at trial, a reasonable mind could conclude that Pranjic's employer was negligent in failing to lower the gangway, and that such failure was at least a partial cause of Pranjic's injury.
 
 
 14
 For the same reasons, the jury's allocation of 10% contributory negligence to Pranjic was also supported by substantial evidence. Although Pranjic could have asked for an order to lower the gangplank rather than risk jumping over to the MILAGROS Z, the equipment was not ready and it was not the custom to have a crewman make that request. In the context of the trial, the jury's allocation was supportable.
 
 III.
 
 15
 The damage award of $850,000 was not clearly excessive. "A jury's finding of the amount of damages must be upheld unless the amount is clearly not supported by the evidence and is grossly excessive, monstrous, or shocking to the conscious." Gilchrist, 803 F.2d at 1501. The record supports a finding of considerable pain and suffering. Additionally, the record demonstrates a potential economic loss of over $635,800 and pain and suffering in the amount of $300,000. Thus, the jury's finding of damages in the amount of $850,000 is not clearly excessive.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3