131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William RETHERFORD; Sandra RETHERFORD, Plaintiffs-Appellants,
v.
F/V PAUL M., INC., Defendant-Appellee.
 No. 96-35856.
 United States Court of Appeals, Ninth Circuit.
 Argued Sept. 10, 1997
Submitted Sept. 10, 1997
Filed Dec. 3, 1997
 
 1
 Appeal from the United States District Court For the District of Oregon
 
 
 2
 BEFORE: CANBY, T.G. NELSON, and KLEINFELD, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Retherford appeals the denial of his Jones Act claim, 46 U.S.C. § 688, arising out of an injury to his foot caused by a forklift. The district court found that Retherford's injury was not caused by his employer's negligence. Bench trial findings are reviewed for clear error. Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996). We affirm.
 
 
 5
 A Jones Act plaintiff bears the burden of proving by a preponderance of the evidence that his employer was negligent and that the negligence caused his injury. Havens v. F/T Polar Mist, 996 F.2d 215, 218 (9th Cir.1993). The district court held:
 
 
 6
 [P]laintiff's injuries were caused by a defect in the forklift that the defendant, in the exercise of due care, could not have discovered and by plaintiff's own negligence by positioning himself on the forklift in such a way that allowed part of his foot to extend into an opening of the forklift even though he was aware of the pinch point. The court finds that the defendant was not negligent in any of the particulars alleged and that there was [sic] no violations of state or federal safety regulations by defendant which was a cause of plaintiff's injuries.
 
 
 7
 Retherford argues that the defect at issue, a missing locking pin, was not the cause of the forklift movement that caused his injury. But there was testimony at trial that, although the movement was a malfunction that had other causes, this malfunction occurred regularly and the locking pin served to control it. There was no clear err in the district court's finding that the pin's absence caused Retherford's injury.
 
 
 8
 Retherford contends that his employer acted negligently by failing to train the forklift operator, as required by OSHA regulations. There was testimony at trial, however, that the operator's years of experience satisfied the training requirement. The district court did not clearly err by accepting this testimony.
 
 
 9
 Retherford argues that his employer negligently failed to inspect the forklift, but there was testimony that an inspection was not required because the forklift was used by another company earlier in the day and that an inspection would not have uncovered the allegedly inadequate lubrication. There was no clear error.
 
 
 10
 Retherford claims that the forklift operator violated a regulation by failing to tell him not to put his foot "between the [mast] uprights," but there was testimony that Retherford never put his foot there, and thus no clear error.
 
 
 11
 Finally, Retherford conterds that the operator violated a regulation by lifting an unstable load, but there was testimony that the load was stable. The district court did not clearly err by finding that the employer was not negligent.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3