145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Landry De ORZAN, Plaintiff-Appellant-Cross-Appellee,
v.
United States of America, Defendant-Appellee-Cross-Appellant.
 No. 97-15271, 97-15315.
D.C. NO. CV-95-00787-SAW.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1998.
Decided May 11, 1998.
 
 Appeal from the United States District Court for the Northern District of California Stanley A. Weigel, District Judge, Presiding.
 Before GOODWIN, FLETCHER, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Landry De Orzan, a seaman, was injured while employed aboard the United States Government's tanker vessel the USNS SEALIFT ARCTIC. He brought an action against the United States under the Jones Act, 46 U.S.C. § 688 (1975), for general damages, lost income, and maintenance and cure. The Government admitted liability under the Jones Act and under the general maritime law doctrine of unseaworthiness. Accordingly, the district court held a hearing both to evaluate the nature and severity of De Orzan's injury and to assess damages. The court determined that De Orzan had failed to establish that he suffered a permanent injury from the accident and that he consequently was not entitled to damages for lost income or maintenance and cure. The court did, however, award De Orzan $130,000 in general damages for pain and suffering arising from the accident. Both De Orzan and the United States appeal the district court's decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 STANDARD OF REVIEW
 
 3
 We review "issues relating to the management of trial," such as the imposition of time limits in trial proceedings, for an abuse of discretion. General Signal v. MCI Telecomm. Corp., 66 F.3d 1500, 1507 (9th Cir.1995).
 
 
 4
 A district court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a); see also Tonry v. Security Experts, Inc., 20 F.3d 967, 970 (9th Cir.1994).
 
 
 5
 We review a district court's assessment of damages for clear error. Tonry, 20 F.3d at 972. "The question is whether the amounts are grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." Sutton v. Earles, 26 F.3d 903, 918 (9th Cir.1994).
 
 
 6
 I. The district court did not abuse its discretion in expediting the testimony of De Orzan's expert witnesses.
 
 
 7
 This court has recognized that a trial judge may place time limits on a trial in order to " 'prevent undue delay, waste of time, or needless presentation of cumulative evidence." ' Amarel v. Connell, 102 F.3d 1494, 1513 (9th Cir.1996) (quoting Monotype Corp. v. International Typeface Corp., 43 F.3d 443, 450 (9th Cir.1994)). Although this court has "generally disfavored" the imposition of "rigid" time limits on trials, id. at 1513, it has evaluated their reasonableness "in the context of the entire trial." General Signal, 66 F.3d at 1507. The record in the instant case indicates that Judge Weigel's efforts to expedite the giving of testimony were thoroughly reasonable in the context of the entire trial. To the extent that the judge limited testimony, it was for precisely the reasons approved by this court in Amarel--to prevent waste of time and cumulative evidence.
 
 
 8
 II. The district court's findings of fact regarding De Orzan's credibility and lack of permanent brain damage were not clearly erroneous.
 
 
 9
 The district court's ultimate decision in this case rested in large part upon two findings: (1) that De Orzan's credibility had been undermined by the unexplained discrepancies between the behavior exhibited by De Orzan in the videotapes and his behavior in front of his doctors and the court; and (2) that De Orzan's medical experts had failed to "present a consistent theory of what injury, if any, he has sustained."
 
 
 10
 There is ample evidence in the record to support both findings. With regard to De Orzan's credibility, the district court not only had the opportunity to observe De Orzan in court and to hear him testify, the court also was able to compare that behavior to the videotaped surveillance provided by the Government. Moreover, the court heard lengthy testimony from the Government's medical experts highlighting inconsistencies in De Orzan's behavior and his lack of physical symptoms. Although this evidence does not prove decisively that De Orzan was lying, there is no indication that the district court clearly erred in discounting De Orzan's credibility.
 
 
 11
 We also affirm the district court's findings regarding the medical evidence in the case. First, the court's adverse credibility determination with respect to De Orzan necessarily influenced the court's view of the medical evidence he presented. Second, the court was justified in determining that De Orzan's experts failed to present a consistent theory regarding his injuries. The experts were unable to agree about either the severity of his cognitive impairment or the nature of his brain damage. In light of the considerable evidence presented by the Government controverting De Orzan's claims, the district court did not clearly err in finding that De Orzan had failed to prove that he suffered a permanent physical injury. See EEOC v. Bruno's Restaurant, 13 F.3d 285, 289 (9th Cir.1993) (prescribing deference to trial court's credibility determinations).
 
 
 12
 III. The district court's award of damages for pain and suffering was not clearly erroneous.
 
 
 13
 The parties presented widely divergent evidence at trial regarding De Orzan's alleged suffering. Although the district court provided little justification for its general damages award, we are not convinced that the award "shocks the conscience." See Havens v. F/T Polar Mist, U.S.C.G., 996 F.2d 215, 219 (9th Cir.1993); Sines v. United States, 430 F.2d 644, 645 (9th Cir.1970). Without question, the district court expressed doubt as to De Orzan's credibility. The court, however, stopped short of making a specific finding of malingering, even though the Government included such a finding in the proposed findings and conclusions that it prepared at the court's request. Accordingly, the Government's suggestion in its brief that the damages award somehow contravenes the public policy against fraud is misplaced.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3