**Lee ANDERSEN, Plaintiff–Appellant,**

v.

**DEEP SEA FISHERIES, INC.; and Karin Lynn Fisheries, Inc., in personam; The F/V Karin Lynn, Official No. 592291, her engines machinery, appurtenances and cargo, in rem, Defendants–Appellees.**

No. 00–35403.
D.C. No. CV–99–01100–TSZ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Nov. 27, 2001.

Before B. FLETCHER, McKEOWN and TALLMAN, Circuit Judges.

### MEMORANDUM [1]

Lee Andersen, a former baitboy and cook aboard the F/V KARIN LYNN, appeals from the district court's grant of summary judgment in favor of the defendants. Andersen brought claims under the Jones Act, 46 U.S.C.App. § 688, the United States Constitution Art. III, sec. 2, and the General Maritime Law, for an injury he sustained while employed by the defendants in the winter of 1998. Andersen asserted causes of action for unseaworthiness, maintenance and cure, and negligence. The district court granted summary judgment in favor of the defendants on each of these claims. Andersen appeals the district court ruling with respect to his claims for unseaworthiness and negligence.[2] We have jurisdiction under 28 U.S.C. § 1291, and affirm. Because the parties are familiar with the facts of this case, we recite here only those facts necessary to explain our decision.

### I. *Jones Act Negligence*

After sustaining an injury to the tip of his ring finger on his right hand sometime in January of 1998, Andersen first reported it to his Captain, Mathisen, on February 2. One week later Andersen was treated by a nurse in Akutan. In a "[t]o whom it may concern" letter, dated February 24, 1998, the nurse indicated that following her February 9 appointment with Andersen she informed him that he was to "[f]ollow up with medical facility—if not better in 2 days." Andersen did not testify that he ever conveyed that information to Mathisen or anyone else. Sometime thereafter, Andersen's fingernail fell off. At that time he approached Mathisen and informed him that he would like to "see the doctor again." Andersen then returned to see the nurse on February 24, one to two days after bringing the injury again to Mathisen's attention. The following day Mathisen arranged for Andersen to see Dr. Saunders at Dutch Harbor. He found evidence of necrosis and recommended that Andersen be treated at a mainland facility. At that point Mathisen arranged for Andersen to be flown home to Tacoma, where he was treated by Dr. Ritter and his finger was later partially amputated.

█ To recover on his Jones Act claim, Andersen must establish by a preponderance of the evidence (1) negligence on the

---

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

**2.** At oral argument Andersen made clear that he has abandoned his claim for maintenance and cure.

part of his employer, or agents thereof, and (2) that the negligence was a cause, "however slight," of his injuries. *Havens v. F/T Polar Mist,* 996 F.2d 215, 218 (9th Cir.1993).

■ The facts of this case do not support Andersen's theory that the defendants acted negligently. Mathisen acted reasonably in procuring medical care for Andersen within days of learning of his injury. Nothing in the record suggests that Andersen informed Mathisen that if his injury did not improve within two days of seeing the nurse that he was to seek further treatment. As far as the record before us reveals, Mathisen had no notice of Andersen's need for additional medical care until Andersen brought it to his attention some weeks later. At that point Mathisen again acted reasonably and promptly in securing further medical care for Andersen, both in Alaska and in Washington state.

Because the defendants at all times acted reasonably toward Andersen, judgment was properly entered in favor of the defendants on his negligence claim.

II. *Unseaworthiness*

■ Andersen's claim of unseaworthiness is completely without factual support. To sustain a claim for unseaworthiness, a plaintiff "must establish: (1) the warranty of seaworthiness extended to him and his duties; (2) his injury was caused by a piece of the ship's equipment or an appurtenant appliance; (3) the equipment used was not reasonably fit for its intended use; and (4) the unseaworthy condition proximately caused his injuries." *Ribitzki v. Canmar Reading & Bates, Ltd.,* 111 F.3d 658, 664 (9th Cir.1997).

■ Though the warranty of seaworthiness extended to Andersen while aboard the F/V KARIN LYNN, it remains unclear where and how Andersen sustained the injury to his finger. In his initial report to Mathisen, Andersen indicated that he was injured either on the ship's deck or on the dock. Even were we to assume that Andersen was injured on the deck while working a crab pot, he has presented no evidence whatsoever that the ship's equipment was "not reasonably fit for its intended use," or that such unseaworthy condition "caused his injuries." *Id.* In the absence of such evidence, the district court properly entered summary judgment in favor of the defendant on Andersen's claim of unseaworthiness.

Because there existed no material issue of fact to present to the jury, the district court properly entered summary judgment in favor of the defendants on each of the plaintiff's claims.

AFFIRMED