Michael BELL, Plaintiff—Appellant,

v.

**FISHING COMPANY OF ALASKA, INC.; et al., Defendants— Appellees.**

No. 07–35390.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Nov. 3, 2008.

John Merriam, John Merriam Attorney at Law, Seattle, WA, Dennis O'Bryan, Esquire, O'Bryan Baun Cohen Kuebler Karamanian, Birmingham, MI, for Plaintiff–Appellant.

Michael A. Barcott, Esquire, Holmes Weddle & Barcott, APC, Seattle, WA, for Defendants–Appellees.

Before: O'SCANNLAIN, RYMER, and KLEINFELD, Circuit Judges.

MEMORANDUM *

The district court was not entitled to make a credibility determination

---

* This disposition is not appropriate for publica-   tion and is not precedent except as provided

adverse to Bell on summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Viewed in a light most favorable to Michael Bell, the cognizable evidence established a genuine issue of fact as to seaworthiness. *See Ribitzki v. Canmar Reading & Bates, L.P.,* 111 F.3d 658, 664 (9th Cir.1997). Bell's testimony about the garbage can suffices to establish a genuine issue of fact about whether the placement of the garbage can made the stairway not reasonably fit for its intended use, proximately causing Bell's injuries. *See id.* at 664–65. Likewise, particularly in the light of the lower quantum of the evidence necessary to support a finding of negligence under the Jones Act, *Havens v. F/T Polar Mist,* 996 F.2d 215, 218 (9th Cir.1993), the same evidence sufficed to establish a genuine issue of fact regarding negligence. Though the defendant's expert witness might have some persuasive force to a trier of fact, the district court, rather than the expert, would be obligated to decide what the law was, and Bell's own testimony, under oath, sufficed to establish a genuine issue of material fact. Fed.R.Civ.P. 56(c).

**REVERSED and REMANDED for trial.**