MEMORANDUM **
Trung Le appeals the trial court’s decision, after a bench trial, that he failed to carry his burden of proof in his claim under the Jones Act, 46 U.S.C. § 30104, and in his general maritime law claim in which he alleged that the F/T Northern Jaeger was unseaworthy. Reviewing the trial court’s findings of fact for clear error, Fed.R.Civ.P. 52(a)(6), we may disturb the trial court’s factual findings only if our review of the evidence produces a “definite and firm conviction that a mistake has been committed.” Sauers v. Alaska Barge, 600 F.2d 238, 244 (9th Cir.1979). Having no such conviction, we affirm.
Le testified that he fell while attempting to dislodge a box that had jammed in the “boxilator,” a machine that elevates boxes from the hold of the ship. He attributed his fall to the listing of the ship, an icy floor at his work station, and the flawed design of the boxilator.
Le’s story was contradicted by Danny Mills, the only witness with the opportunity to directly observe how Le was injured. Mills was standing across the conveyer belt from Le at the time of the incident. *152 Mills testified that he glanced up when he noticed the boxilator had stopped and saw that Le was hunched over, holding his arm and saying that his arm hurt. He further testified that when he asked Le if he had fallen, Le told him he had not. Mills did not see Le reach into the boxilator to extract a box and did not see Le fall.
The trial court believed Mills and not Le, calling Le’s testimony “inconsistent and unreliable,” and stating that he was “less than forthright” about his prior injuries, which the trial court ultimately concluded were the primary cause of the injury at issue in this case. Mills, whom the judge found credible, also testified there was no ice where he was working.
We pay special deference to the trial judge’s credibility determinations. See Anderson v. City of Bessemer City, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); Husain v. Olympic Airways, 316 F.3d 829, 839 (9th Cir.2002). We therefore cannot say it was clear error for the trial court to conclude that Le “failed to show how the vessel’s list and alleged ice in his workspace played a role in causing or aggravating his injuries.” Le therefore did not establish at trial that his injury resulted from American Seafoods Co.’s breach of its duty to provide a vessel and equipment that are “reasonably fit for their intended use.” Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 550, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960); see also Havens v. F/T Polar Mist, 996 F.2d 215, 217 (9th Cir.1993). Nor did Le prove that his injury resulted from a breach of the duty of care under the Jones Act.
Le’s attempt to characterize the trial court’s decision as creating a “novel holding” with respect to the general maritime law of unseaworthiness also fails. Although the trial court observed in passing that ice is among the “conditions with which seamen must cope when they make their livelihoods in the fishing industry,” that observation was not the basis for its holding that Le had not made out his case. Rather, the court concluded that “[t]he accident was not caused by ice that created unsafe, slippery conditions.” Given its finding that unsafe ice did not cause the accident, the trial court’s observations about the prevalence of icy conditions are irrelevant. Even if there was ice, the trial court found that Le did not prove how its presence caused or aggravated his injury. The vessel and its equipment were “reasonably fit for their intended use.” Mitchell, 362 U.S. at 550, 80 S.Ct. 926.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.